STATE OF NEBRASKA V. ISAAC R. ALTER ET AL.

FILED DECEMBER 18, 1907.   No. 15,369.

**Pleading:** SUFFICIENCY. When, in an action to quiet title, the petition sets forth the adverse title or interest in general terms, but without especial or particular description, the pleading is not for that reason obnoxious to a general demurrer, but the remedy of the defendant is a motion to require the petition to be made more definite and certain.

ORIGINAL action by the state to quiet title to certain lands occupied by the soldiers and sailors home at Grand Island. Defendants demurred. *Demurrer overruled. Decree for plaintiff.*

*William T. Thompson, Attorney General,* and *W. B. Rose,* for plaintiff.

*R. R. Horth, contra.*

AMES, C.

This is an action begun originally in this court for the purpose of procuring a decree quieting title in the state to a part of the site of the soldiers and sailors home at Grand Island as against certain persons who are grantors in deeds conveying the premises to the state for the purposes of such site. The cause was submitted upon a general demurrer to the petition without brief or oral argument on behalf of the defendants, so that we are left to conjecture what ground there may be, if any, for the former, which we are unable to do. The petition sets forth a deed executed jointly by the defendants, and reciting that "for and in consideration of the sum of one dollar and the location of the soldiers and sailors home as per an act of the legislature of the state of Nebraska entitled 'An act to establish and maintain a soldiers and sailors home,' in hand paid by the state of Nebraska" (the grantors) "do hereby grant, bargain, sell, convey and confirm unto the state of Nebraska" the premises in question. The instrument also contains the covenants against incumbrances and of title and quiet possession and enjoyment usually found in deeds of general warranty. The petition further alleges the due execution and delivery of the deed, and that it was filed for record on April 1, 1887, and that on the 30th day of March, in the same year, the state went into possession of the premises, and has remained in the possession of the same thence continuously until the commencement of this action, a period of more than ten years, during which time it has located, erected and maintained buildings thereon for the uses and purposes of a soldiers and sailors home, pursuant to said act, and continues so to maintain and use the same. But it is further alleged that the defendants falsely claim and pretend to have some right, title or interest in or to the premises adverse to the right, title or interest of the plaintiff, the nature of which is to the plaintiff unknown, but which is effectual as a cloud upon the plaintiff's title and against which it

is prayed that the plaintiff's title may be quieted by a decree of this court.

We think it unnecessary to discuss the general rules of law relative to the construction and effect of deeds of conveyance similar in form to that above described. The act of the legislature recited in the deed in question is, by the operation of a familiar rule of law, a part of the instrument itself, and that act provides that location of the institution at Grand Island shall be upon the condition that a site therefor shall be provided, which "shall be donated and conveyed to the state of Nebraska in fee simple." There is no expression known to the law that is more unequivocal or completely free from any sort or kind of ambiguity or doubt than the phrase "fee simple." It means an absolute title or estate in lands wholly unqualified by any reversion, reservation, condition, or limitation or possibility of any such thing, present or future, or precedent or subsequent, and it follows of necessity that, when a grant is made expressly pursuant to and in compliance with an act of the legislature requiring the creation of such a title or estate as a condition to its validity for any purpose, the grantor is estopped to allege anything in contravention of the legislative intent or in diminution of the estate described by the statute.

The attorney general has suggested that possibly the ground of the objection is that the petition does not set forth specifically or particularly a description of the adverse title or interest claimed by the defendants. We are not surprised that he confesses his own incompetency so to do, and strongly suspect that the defendants are afflicted with the same disability. It was formerly held that, in the absence of such a description, a petition to quiet title does not disclose a cause of action, because the court cannot determine from the face of the pleading that the defendant is asserting any claim sufficiently tangible to injure the plaintiff or cast a cloud upon his title. *McDonald v. Early*, 15 Neb. 63. If the petition is defective in this respect, the proper method of attack was by motion

to require it to be made more definite and certain, which has been waived by the filing of a general demurrer. *Fritz v. Grosnicklaus*, 20 Neb. 413. We think this latter decision must be regarded as overruling the former, in so far as the former holds that a petition omitting a description of the adverse claim or title is for that reason obnoxious to a general demurrer. A defendant in such a case has two sufficient means of protection; one is the motion mentioned, and the other, if he has made no claim at all and is therefore vexatiously sued, to file a disclaimer and be awarded his costs.

We recommend, therefore, that the demurrer be overruled.

FAWCETT and CALKINS, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the demurrer is overruled; and the parties electing to not plead further, judgment is entered for plaintiff as prayed.

JUDGMENT ACCORDINGLY.