## NEW CATHEDRAL CEMETERY *v.* LETITIA F. BROWNING ET AL.

*Fee Simple Estate—Sufficiency of Devise—Power of Sale—Expiration.*

A devise to one with a provision that if she died before her father, the property should go to him, while if she survived him it should go to her children, and if no children the proceeds of the sale of the property should go to persons named, did not give her a fee simple estate.                              pp. 412, 413

A power in a will, given the daughter of testatrix, to dispose of land with her father's consent, came to an end upon the father's death, regardless of a further provision that, in case the daughter survived her father, upon her death leaving no children the proceeds of the sale of such property should be distributed in a manner named.                              pp. 413, 414

*Decided July 8th, 1927.*

Appeal from the Circuit Court of Baltimore City (STUMP, J.).

Bill by Letitia F. Browning and Edgar B. Browning against the New Cathedral Cemetery, a corporation. From a decree for plaintiffs, defendant appeals. *Reversed.*

The cause was argued before BOND, C. J., PATTISON, URNER, ADKINS, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*Henry H. Dinneen,* with whom was *Harry M. Benzinger* on the brief, for the appellant.

*John H. Hessey,* with whom was *G. W. S. Musgrave* on the brief, for the appellee.

PATTISON, J., delivered the opinion of the Court.

The appellant, the New Cathedral Cemetery, by an agreement made in writing with the the appellees, Letitia F. Browning and Edgar B. Browning, her husband, on the 5th day of November, 1926, agreed to buy and the appellee agreed to sell and convey unto the appellant "a good and merchantable title, free of all liens, encumbrances and assessments, in and to a house and lot of land situated at the corner of Edmondson and Collins Avenue (formerly Nineteenth Street) in the City of Baltimore, the property of the wife, at and for the sum therein named, to be paid for in cash on or before the 5th day of December, 1926.

The consideration for the property sold was not paid when it became due under the agreement, because the appellees, as claimed by the appellant, could not convey such title to the property as they had agreed to convey, whereupon the appellees filed their bill in this cause asking for specific performance of said agreement. The appellant filed its answer thereto, alleging the inability of the appellee to convey to it "a good and merchantable title to the property" free of all liens, as they had agreed to do.

The court, after hearing upon bill, answer, and an agreed statement of facts, which is found in the record, held that the appellees could convey unto the defendant, the appellant in this court, "a fee simple title to the property," that being the title mentioned above, and decreed specific performance of said agreement. It was from that decree that this appeal was taken.

The sole question presented by the appeal is, Can the appellees convey unto the appellant a fee simple title to the property mentioned in said agreement? This they cannot do unless it be found that Letitia F. Browning has a fee simple title in said property, or, that she, not being the owner of the property in fee simple, has the power and authority to sell and convey such fee simple interest therein. Whether she has such fee simple title, or is clothed with such authority, depends upon the construction of the will

of her mother, Letitia H. Sadler, under which she has acquired whatever interest she now has in the property.

Those parts of the will of Letitia H. Sadler which need be considered in the determination of the question before us, are as follows:

"I will and bequeath to my devoted daughter, Letitia Florina Reitz, my residence, situate at the corner of Edmondson Avenue and Nineteenth Street, in the City of Baltimore, Maryland, comprising about two acres of land, more or less, together with all improvements thereon, and including all my household furniture, household articles, silver plate, cut glass, pictures, paintings, rugs, etc., which also includes everything appertaining to the household, with the distinct understanding that my husband, Warren H. Sadler, shall have a home with her after my decease so long as he may desire.

"Should my said daughter, Letitia Florina Reitz, die before the death of her father, the above specific property shall become the sole property of my husband, Warren H. Sadler, absolutely, to do with as he may desire.

"In case it should be deemed advisable to sell or dispose of said property in part, or as a total, during the life of Warren H. Sadler, same may be disposed of by my said daughter upon the written consent of her father, and the proceeds from such sale or sales shall be invested in substantial securities or, mortgages under the direction of my executor, hereinafter named, same to be approved by the Orphans' Court of Baltimore City, and the income therefrom to be paid to my daughter for her sole use and benefit.

"In the event of the death of my daughter prior to the death of her father, then said investments accrued from the sale of the property described as aforesaid, shall become the sole property of my husband for his use and disposal as he may deem best.

"Should my daughter survive her father, then upon her death she leaving no children, the proceeds from the sale of the above described property, or, if having

been sold and reinvested, the proceeds of such invest-
ments shall be disposed of and divided as follows:

"Two thousand dollars to be deposited with the Safe
Deposit and Trust Company of Baltimore City, Md.,
which, with the interest accruing therefrom, shall be
paid to my son Warren Edward Sadler, if he be living,
in sums not exceeding two hundred dollars per annum,
until said fund becomes exhausted. The remaining
sum received from sale of aforesaid property or securi-
ties shall be divided equally between my son Fairman
Andrew Sadler and son-in-law Harry Clinton Reitz,
if they be living. In the event of my daughter leav-
ing children at her death, said property or proceeds
from sale shall be invested for their sole use and bene-
fit, they having the use of the income only until they
become of the age of twenty-one years, when their re-
spective shares shall be paid to them share and share
alike.

"In the event of the death of any of the children of
my said daughter, the share of the deceased child
shall revert to the survivor or survivors.

"In the event of the death of all of the children of
my said daughter, then said division shall be made as
though there were no children at the time of my daugh-
ter's death.

"In the event of the death of my son Warren Edward
Sadler before the fund of two thousand dollars becomes
exhausted, the remaining sum shall be paid to my
grandson, John Thomas Cockey Sadler, son of War-
ren Edward Sadler.

"I appoint and name my husband Warren H. Sad-
ler sole executor of this my last will, with the request
that no bond be required from him as executor."

It is shown by the agreed statement of facts heretofore
mentioned, that Letitia F. Browning, one of the appellees,
was at the time of the execution of the will "Letitia Florina
Reitz," and was so called and referred to therein, and it
is under and by virtue of said will that she claims title to
the property therein devised to her by her mother, who, it

is admitted by the parties hereto, owned a fee simple title in said lands at the time of her death.

It is further shown by said statement: "That Warren H. Sadler died on or about January 7, 1909, and that the plaintiff, Letitia F. Browning, did permit the said .Warren H. Sadler to have a home with her as set forth in said will, until his death, and that said property was not sold during the lifetime of Warren H. Sadler, but remains as it was at the time of the death of Letitia H. Sadler; that Fairman Andrew Sadler and Harry Clinton Reitz are not living; and that the said Letitia F. Browning, mentioned in said will as Letitia Florina Reitz, is fifty-four years of age, and has no children, and that Warren Edward Sadler is still living."

We will first determine whether Letitia F. Browning has a fee simple title to said land, which she, under the agreement, can convey unto the appellant.

In addition to the right of the father, Warren H. Sadler, to have a home with his daughter Letitia F. Browning in the property devised to her, the devise to such daughter was also subject to the further provisions:

First: If she should die before her father, the specific property or the proceeds from the sale thereof were to go to him.

Second: If she survived her father and died leaving children, the property, or the proceeds therefrom, were to go to her children in the manner and at the times therein stated.

Third: If she survived her father and died leaving no children, the proceeds from the sale of the property were to be divided and distributed to those mentioned therein, in the manner there stated.

It will be readily seen that the estate in said property acquired by Letitia F. Reitz (now Browning) under her mother's will is not a fee simple estate, which is defined by Chancellor Kent to be "a pure inheritance, clear of any qualifications or conditions, and it gives the right of succession to all heirs generally," or, as stated by Lord Coke, it

is "the fullest and most absolute estate which a person can have in his lands." A fee simple estate is also defined to be "an absolute title or estate in lands wholly unqualified by any reversion, reservation, condition or limitation or possibility of any such thing." *State v. Alter,* 80 Neb. 405.

We will next consider and determine the question whether, by said will, power was conferred upon Letitia F. Browning enabling her at this time to convey a fee simple title to said property. It is said in the fourth clause of the will that should it be "deemed advisable to sell or dispose of said property, in part or as a total, during the lifetime of Warren H. Sadler, same may be disposed of by my said daughter upon the written consent of her father." Then follows, in the same clause, a provision that the proceeds from such sale should be invested in substantial securities, etc., under the direction of her executor with approval of the Orphans' Court of Baltimore City. This is the only power of sale found in the will, and it is from that, if at all, that we must find that Letitia F. Browning has the power to sell and convey a fee simple title in the property at this time, her father being dead. She had the right to sell during his lifetime, with his written permission, but, in our opinion, such right was to be exercised only while her father was living.

In a subsequent clause of the will, it is said, "should my daughter survive her father, then upon her death, she leaving no children, the proceeds from the sale of the above described property, or, if having been sold and reinvested, the proceeds of such investments shall be disposed of and divided as thereinafter stated."

The meaning of the language used in the above clause of the will, we think, is, if the daughter survived her father without children living at the time of her death, the investments of the proceeds of the sale of the property, made by her in the lifetime of her father, under the power contained in the will, were to go as therein directed. But if at the time of her father's death she had made no sale under such power, then the property upon her death was then to be sold and the

proceeds distributed as in the will provided. The use of the words found in that clause of the will, "the proceeds from the sale of the above described property," has no reference to the sale of any property made by Letitia F. Browning under the power contained in the preceding clause of the will, and such words cannot, we think, be construed as showing an intent on the part of the testatrix to enlarge the power conferred upon the daughter to sell the property only in the lifetime of her father, with his written consent. The power found in the will conferred upon the daughter the right to sell the property in the lifetime of her father, with his written consent, and if she never exercised that power in the lifetime of the father, she now has no power to sell and convey to the appellant a fee simple title to said property.

We must, therefore, reverse the decree appealed from.

*Decree reversed with costs, and bill dismissed.*