EX PARTE JESSE CROSS.

Jurisdiction : INDIAN RESERVATIONS.  The courts of this state have no authority to prosecute and punish one Indian for a crime committed against another on the reservation to which they each belong, so long as they maintain their tribal relations.

ORIGINAL application for writ of *habeas corpus.*

*J. L. Caldwell,* for relator.

*G. M. Lambertson,* for respondent.

REESE, J.

This is a petition for a writ of *habeas corpus,* presented by Jesse Cross, who alleges that he is unlawfully restrained

of his liberty by W. P. Rathburn, the sheriff of Dakota county. The allegations of the petition are, in substance, that the petitioner was arrested under a warrant issued by the county judge of Dakota county upon a complaint accusing him of the crime of horse stealing, and upon a preliminary examination was held to bail to await the action of the grand jury to be convened at the next term of the district court within and for that county, and in default of bail has been committed to jail. The petitioner is a Winnebago Indian, residing on the Omaha and Winnebago reservation in this state. He is accused of stealing a horse from one George Minnick, who is a member of the Omaha tribe, and residing on the same reservation. These two tribes are consolidated under one agency, known as the Omaha and Winnebago Agency. The tribal relations existing among said Indians has never been dissolved, and still exists as between the parties named and their tribes. The alleged crime was committed on the reservation. The sheriff filed a general demurrer to the petition.

The question presented is, whether or not the state courts have jurisdiction over an Indian for an offense committed against another Indian on their reservation, under the circumstances named.

The case was presented by counsel who had given the subject careful attention, and who displayed quite a considerable degree of ability in the argument and in the preparation of briefs; but soon after the submission, it was made known to the court that the restraint had been removed and the petitioner was no longer held a prisoner, and the further consideration of the case was abandoned, the cause still remaining on the docket.

Since the question here involved has been decided by the Supreme Court of the United States in an opinion written by Judge Miller, of that court, and filed on the 10th day of May, 1886, we deem it proper to refer to that decision as being the holding of the court of last resort, and pos-

sessing appellate jurisdiction over this court, upon the question presented, and thus dispose of the case. See *United States v. Kagarua*, 23 Cent. Law Journal, 420.

In that case it is held that the state courts have no jurisdiction over the Indians within the state, and on their reservations, for crime committed by and against each other, so long as they maintain their tribal relations. It is true that the decision is based upon an act of Congress passed after the arrest of the petitioner, and therefore might not be decisive of the question involved in this case, did one exist, yet as it declares the law as it is and has been since the taking effect of the act, to wit, March 3, 1885, and is now by the terms of the act and the construction given it by the highest court of the nation, the law of the land, we acknowledge its authority. We also fully approve of the reasoning of the learned judge who wrote the opinion.

The case at bar will be stricken from the docket.

JUDGMENT ACCORDINGLY.

THE other judges concur.