[Criminal No. 222.   Filed March 30, 1906.]

[85 Pac. 482.]

GEORGE YOUNG, Appellant, v. TERRITORY OF ARIZONA, Respondent.

1. CRIMINAL LAW—ASSAULT AND BATTERY—PUNISHMENT—JUDGMENT—IRREGULAR—REV. STATS. ARIZ. 1901, PEN. CODE, SEC. 208, CONSTRUED.—The punishment prescribed for the crime of assault by section 208, *supra,* is either a fine in any sum not exceeding three hundred dollars or imprisonment in jail for a term not exceeding three months, and a judgment imposing both a fine and imprisonment is irregular.

2. SAME—SAME—SAME—SAME—SAME — REV. STATS. ARIZ. 1901, PEN. CODE, SECS. 208 AND 1013, CONSTRUED.—Section 208, *supra,* provides a punishment for the crime of assault consisting of a fine in any sum not exceeding three hundred dollars or imprisonment for a term not exceeding three months. Section 1013, *supra,* provides that a judgment imposing a fine may direct that defendant be imprisoned until the fine be satisfied, specifying the extent of the imprisonment which must not exceed one day for each dollar of the fine. A judgment that one convicted of the crime of assault should pay a fine of three hundred dollars, and in case the defendant should not pay the fine immediately after judgment, be imprisoned in the county jail for three hundred days, failed to impose the imprisonment as a method of satisfying the fine under the provisions of the latter section, and is irregular as imposing both fine and imprisonment.

3. SAME—SAME—SAME—EXCESSIVE—IMPRISONMENT—REV. STATS. ARIZ. 1901, PEN. CODE, SEC. 208, CONSTRUED.—Under section 208, *supra,* prescribing the punishment for assault as either a fine in any sum not exceeding three hundred dollars or imprisonment for a term not

exceeding three months, a judgment sentencing defendant to pay a fine of three hundred dollars, and if the fine be not paid immediately after judgment to be imprisoned for three hundred days is irregular as imposing a term of imprisonment exceeding three months.

APPEAL from a judgment of the District Court of the Fifth Judicial District in and for the County of Gila. Eugene A. Tucker, Judge. Judgment modified.

The facts are stated in the opinion.

W. K. Dial, for Appellant.

E. S. Clark, Attorney-General, for Respondent.

SLOAN, J.—The appellant, in the district court of Graham County, was convicted of the crime of assault. He was sentenced by the court to pay a fine of three hundred dollars, and in case the defendant should not pay the fine immediately after judgment to be imprisoned in the county jail for three hundred days. The appeal is from this judgment.

The punishment prescribed for the crime of assault is either a fine in any sum not exceeding three hundred dollars or imprisonment in jail for a term not exceeding three months. Pen Code, sec. 208. The judgment is irregular, in that it imposes both a fine and an imprisonment, and for the further reason that the term of imprisonment imposed exceeds three months. A judgment imposing a fine may direct that the defendant be imprisoned until the fine be satisfied, specifying the extent of the imprisonment, which must not exceed one day for each dollar of the fine. Pen. Code, sec. 1013. If the intent of the court was to impose the imprisonment as a method of satisfying the fine under the provisions of the latter section of the Penal Code, such intent is not expressed in the judgment, and cannot therefore be given effect.

The judgment is modified by eliminating all reference to the imprisonment, which leaves in full force and effect the fine of three hundred dollars.

KENT, C. J., DOAN, J., CAMPBELL, J., and NAVE, J., concur.