RALPH O. URBAN, APPELLEE, v. EDWIN F. BRAILEY ET AL., APPELLANTS. *

FILED JANUARY 20, 1910. No. 16,441.

1. Pleading: SUFFICIENCY. "When the sufficiency of a petition is not attacked until after judgment, all reasonable intendments should be indulged in support of the judgment." *Merrill v. Equitable Farm & Stock Improvement Co.*, 49 Neb. 198.

2. Habeas Corpus: PETITION: COPY OF PROCESS. Where the petition for habeas corpus fails to set out any warrant or order of commitment, but stated facts by which it can be reasonably inferred that the defendant had no such warrant, this will excuse the failure to set out a copy of any process.

3. ———: RETURN: COPY OF PROCESS. Where, in such case, the defendant who is charged with unlawfully restraining the plaintiff of his liberty makes his return to the writ, alleging that he holds the plaintiff for and by virtue of a process held by another person, a copy of such process should be set out in or attached to his return in order to show by what authority he restrains the plaintiff, or a sufficient reason assigned for not doing so.

APPEAL from the district court for Douglas county: ABRAHAM L. SUTTON, JUDGE. *Affirmed.*

*T. C. Hollister* and *Edgar M. Morsman, Jr.,* for appellants.

*John O. Yeiser* and *Shotwell & Shotwell, contra.*

* Rehearing denied. See opinion, 86 Neb. ——.

REESE, C. J.

This was an application to the district court for Douglas county for a writ of habeas corpus, in which Ralph O. Urban sought his discharge from imprisonment. In the petition it was alleged that the plaintiff was unlawfullly deprived of his liberty by the defendant, Brailey, in the county of Douglas, in that William Crocker pretended to hold an executive warrant for the arrest of plaintiff, and which warrant charged him with being a fugitive from "the justice of the state of Colorado"; that he was not a fugitive from justice and was not guilty of any crime under the laws of that state; that he was being held for the purpose of blackmail, the fact of the arrest growing out of a civil suit filed by him in the district court for Douglas county against C. F. Adams Company, the purpose of the criminal process and arrest being to compel him to dismiss said action; that he had resided in Douglas county to the knowledge of said C. F. Adams Company for more than three months, and had never secreted himself from them or their agents; that he had, before the present arrest, been arrested at the instance of said company and held in jail for more than three days in an attempt to compel him to pay the sum of $40 which said company falsely claimed to be due it from him and which he refused to pay, and he was thereafter released from custody; that he had not been guilty of forgery or other crime, and that he was wrongfully and unlawfully held in jail by Crocker; that he was not charged with the commission of any crime by indictment or information filed against him; that he was in poor health and his removal to Colorado would endanger his life. The writ was issued to Edwin F. Brailey, the sheriff of Douglas county, and to which he made return, stating that on the 5th day of August, 1909, a demand for the extradition of plaintiff was made in proper form upon the governor of this state by the governor of the state of Colorado, alleging that plaintiff was guilty of the crime of forgery, and that on

the 10th day of the same month the governor of this state issued his warrant authorizing the said Crocker, as the agent of the state of Colorado, to forthwith return plaintiff to said state, and said Brailey held plaintiff at the request of said agent for delivery under said warrant. No copy of the warrant was attached to or in any way made a part of the return. The cause was tried to the district court, the trial resulting in a finding that plaintiff was unlawfully and illegally restrained of his liberty, and he was ordered to be discharged. The defendant appeals.

A large volume of evidence is filed as a bill of exceptions, but as no motion for a new trial was filed in the district court we are not permitted to review the evidence submitted to the trial court (*In re Van Sciever*, 42 Neb. 772), and the only question before us is as to whether the petition states facts which should entitle plaintiff to the relief demanded, or, if the petition be held sufficient, whether the return contains facts which would justify his imprisonment. As to the latter, the statute requires that "if he (the person making the return) has the party in his custody or power, or under restraint, he shall set forth at large the authority and the true and whole cause of such imprisonment and restraint, with a copy of the writ, warrant, or other process, if any, upon which the party is detained." Criminal code, sec. 371. This portion of the statute was not complied with in the return, no copy of any process being set out or attached. We find no such copy in the transcript, and, as we cannot consult the bill of exceptions, we are not legally informed as to the efficacy of the warrant referred to in the return, if any existed, and therefore said return fails to show that defendant had any authority to deprive plaintiff of his liberty.

It must be conceded that the petition is not a skillfully drawn pleading, but as it was not attacked in the district court it must receive a liberal construction here. *Merrill v. Equitable Farm & Stock Improvement Co.*, 49 Neb. 198; *Latenser v. Misner*, 56 Neb. 340. The statutes of

this state contain no direction in detail as to what shall be alleged in the petition.   Section 353 of the criminal code provides, in substance, that where one is "unlawfully deprived of his or her liberty, and shall make application either by him or herself, or by any person on his or her behalf, to any one of the judges of the district court, or to any probate (county) judge, and does at the same time produce to such judge a copy of the commitment or cause of detention," it shall be the duty of the judge to forthwith allow the writ, etc.   It is alleged that the plaintiff is unlawfully deprived of his liberty by the defendant, in that William Crocker pretends to hold an executive warrant, etc.   It is not shown in the petition who William Crocker is, nor whom he represents.   This is probably sufficient to justify the inference that defendant had no warrant at all.   However, it is alleged in the return that Crocker was the agent of the state of Colorado, and that defendant held plaintiff at Crocker's request.   This would furnish a sufficient excuse for not "producing" a copy of the "cause of detention" as required by the section from which the above quotation is made.   There are other averments in the petition herein above shown which need not be further set out here. Crocker made no appearance in the case, and the warrant was not set out in any of the pleadings.   When attacked after judgment, the petition, though informal, must be held sufficient.

It follows that the judgment of the district court must be affirmed, which is done.

AFFIRMED.

SEDGWICK, J., not sitting.

BARNES, J., concurs on the ground of the insufficient return to the writ.