RALPH O. URBAN, APPELLEE, V. EDWIN F. BRAILEY ET AL.,
APPELLANTS.

FILED MARCH 10, 1910.    No. 16,441.

1. Appeal: SUBMISSION: AFFIRMANCE. Where a petition for a writ of
   habeas corpus was filed in the district court charging A with
   illegally imprisoning the plaintiff, and he made return that he
   held the plaintiff by virtue of a warrant held by B, and an
   amended petition was filed, praying for the writ directed to B,
   and they "being in court with the body of" plaintiff "and having
   answered as to their right to hold and imprison" him, and a
   judgment is rendered against them ordering the discharge of the
   plaintiff, from which they appeal by giving separate notices and fil-
   ing separate precipes, but docketing the cause and submitting it as
   one case, it will be treated as one, and the affirmance of the judg-
   ment will be upon the merits as to both appellants.

2. ————: RECORD: CONCLUSIVENESS. The journal record of the district
   court recited that an amended petition was filed against B, and
   that both A and B answered as to their right to hold the custody
   of the plaintiff, and were both in court with the body of the plain-
   tiff. *Held*, That the record will be accepted as correctly stating
   the facts, even though the transcript contains no copy of the
   amended petition or answer.

OPINION on motion for rehearing of case reported in 85
Neb. 796. *Rehearing denied.*

REESE, C. J.

The opinion, affirming the judgment of the district
court, in this case is reported in 85 Neb. 796. A motion
for a rehearing was filed by Crocker, and which, upon a
full consideration of the record, was overruled. He now
files another motion asking a reconsideration of the former
one, and of Crocker's connection with the case. The prin-
cipal contention is that Crocker had filed a separate appeal
in this court and was entitled to have it disposed of as
such. It is true that he gave a separate notice of appeal
in the district court and filed a separate precipe in this
court. But one transcript was filed and but one set of
briefs was presented, and it was, incorrectly perhaps,

supposed that the appeals were to be treated as one. Laboring under this impression, the opinion was written and attention not so strictly given to the details of the case as would otherwise have been. In the opinion, near the close, we said: "Crocker made no appearance in the case." This was a mistake, owing to the fact that no pleadings, other than the original petition against Brailey alone, and his return, were set out or contained in the transcript. But upon a more minute inspection of the certified transcript of the record of the district court we find that, while there was no order appearing as entered making Crocker a party to the suit, this entry was made:

"Now on this 18th day of August, 1909, this cause coming on to be heard before me, A. L. Sutton, judge of the district court in and for Douglas county, Nebraska, upon the petition of Ralph O. Urban, praying for a writ of habeas corpus, directed to Edwin F. Brailey, sheriff of Douglas county, Nebraska, and upon the amended petition praying for a writ of habeas corpus, directed to William Crocker, special agent of the state of Colorado, and Edwin F. Brailey, and William Crocker being in court with the body of Ralph O. Urban, and having answered as to their right to hold and imprison said Ralph O. Urban, and testimony being adduced by the parties hereto, and after argument of counsel the court, being fully advised in the premises, finds: * * * IV. That Ralph O. Urban is illegally, wrongfully and unlawfully deprived of his liberty by Edwin F. Brailey and William Crocker. V. That Ralph O. Urban should be discharged from the custody of Edwin F. Brailey and William Crocker."

It is a well-known rule of law that the records of the district court import absolute verity, and by this record we must be governed. The district court thereby obtained jurisdiction over Crocker as well as over Brailey. The fact that the amended petition and answer are not copied in the transcript constitutes no proof, in the face of such a record, that they were not filed. This, in connection with the recital in the record that both Brailey and Crocker

were in court with the body of Urban attending the trial with counsel, leaves no ground for the contention that Crocker was not a party to the proceeding, and that, for that reason, the judgment should be reversed as to him. Neither does it furnish any basis for the contention that the filing of a separate notice of appeal in the district court and a separate precipe in this court necessarily so divided the case as to require a separate and several judgment as to each in the final decision here. While it is true that in writing the opinion we fell into the error here noted, it is equally true that the judgment of affirmance was as effectual as to Crocker as to Brailey, and the decision was equally final as to Crocker upon the merits of the case. The district court had jurisdiction over both, and its judgment was regular and valid as to both, and has here been affirmed as to both.

The motion is therefore

OVERRULED.