## SUPREME COURT — APPELLATE DIVISION — SECOND DEPARTMENT.

### June 9, 1922.

## IN THE MATTER OF ADELE MELLOR FOR WRIT OF HABEAS CORPUS FOR THE DISCHARGE OF HELEN G. MELLOR v. MARY HINKLEY, SUPT., ETC.

(201 App. Div. 619.)

HABEAS CORPUS—WRIT TO OBTAIN RELEASE OF GIRL COMMITTED TO NEW YORK STATE TRAINING SCHOOL FOR GIRLS AND PAROLED—PETITION FAILED TO STATE IN WHAT ILLEGALITY OF IMPRISONMENT CONSISTED—NO PROOF OF SERVICE OF NOTICE OF APPLICATION UPON DISTRICT ATTORNEY OF COUNTY WHERE GIRL WAS DETAINED—ORDER SUSTAINING WRIT REVERSED UPON BOTH GROUNDS.

An order sustaining a writ of habeas corpus and discharging from custody a girl who had been committed to the New York State Training School for Girls at Hudson and had been paroled must be reversed and the writ dismissed, where the petition fails to state in what the illegality of the imprisonment consisted as required by section 1234 of the Civil Practice Act, and there is no proof of the service of a notice of the application for the writ upon the district attorney of the county where the girl was detained at the time when the writ was served. Either ground is sufficient to warrant such reversal.

APPEAL by the defendants, Mary Hinkley and another, from an order of the Supreme Court, made at the Kings Special Term and entered in the office of the clerk of the county of Kings on the 16th day of December, 1921, sustaining a writ of habeas corpus and discharging Helen G. Mellor from the custody of the defendants.

*Henry C. Henderson, Deputy Attorney General (Charles D. Newton, Attorney General,* with him on the brief), for the appellants.

*Guy O. Walser* (*Percival S. Davis* with him on the brief), for the respondent.

JAYCOX, J. :

The petition herein states that the petitioner is the mother of Helen G. Mellor and that said Helen G. Mellor is confined in the New York State Training School for Girls, at Hudson, N. Y., and upon information and belief was paroled from said training school to the care and custody of one Fred G. Durbrow, and that she is not committed nor detained by virtue of any process or mandate issued by any court of the United States, or by any judge thereof; nor is she committed or detained by virtue of the final judgment or decree of a competent tribunal of civil or criminal jurisdiction, or the final order of such a tribunal made in a special proceeding instituted for any cause; nor by virtue of an execution or other process, issued upon such a judgment, decree or final order. " The cause or pretence of the imprisonment or restraint, according to the best of the knowledge and belief of your petitioner, is that the said Helen G. Mellor was committed to the New York State Training School for Girls, Hudson, New York, on October 15th, 1915, and was thereafter restrained of her liberty and thereafter, petitioner is informed and believes that the said Helen G. Mellor, was paroled from the New York State Training School for Girls, Hudson, New York, to Mr. Fred G. Durbrow, at No. 16 Spy Hill, Beacon, New York, wherefore your petitioner prays," etc.

The appellants made no return to the writ, and in effect demurred thereto, upon the ground, among others, that the petition did not state facts sufficient to justify the issuance of a writ of habeas corpus. Section 1234 of the Civil Practice Act enumerates the allegations which are essential in a petition of this character, and provides that " If the imprisonment is alleged to be illegal, the petition must state in what the alleged

illegality consists." The petition in this case makes no direct allegation of illegality, but illegality must necessarily be inferred, otherwise no reason is stated for the prisoner's discharge. It is, therefore, incumbent upon the petitioner to set forth the particulars in which this imprisonment was illegal. So far as appears from reading the petition herein, the alleged prisoner has been sentenced after due trial, to an institution authorized to receive her and for a period of time not in excess of that prescribed by statute. The petition contains no allegation of any statute under which the commitment was made, and in the absence of a return the court can only look to statutes under which commitment to the New York State Training School for Girls can be made. Apparently, commitments to that institution can be made under section 486 of the Penal Law or the State Charities Law, section 199 et seq., as amended. The last-mentioned law makes provision for paroling prisoners in the care and custody of proper persons. Therefore, we have before the court a petition which recites that Helen G. Mellor was committed to the New York State Training School, and that she has been paroled. The law provides that young girls may be committed to that institution and may be paroled until they reach the age of twenty-one years, and as there is no allegation that the magistrate making such commitment did not have jurisdiction or that he exceeded his powers in sentencing her, or that her sentence or parole has expired, I can see no reason stated in the petition for her discharge, or any compliance with the statute above quoted, requiring the petitioner to state in what the alleged illegality of the imprisonment consists. I think it is clear that the petition is insufficient to base a writ of habeas corpus upon.

The appellants also urge that the district attorney of Columbia county, where the New York State Training School for Girls is located, or the district attorney of Dutchess county, where Durbrow, the appellant in whose custody the alleged

prisoner was, was entitled to notice of the application. Section 1258 of the Civil Practice Act provides for notice in certain instances, which do not apply in this case, and then in subdivision 2 thereof, " In every other case, to the district attorney of the county within which the prisoner was detained at the time when the writ was served."

There is no proof of any such service, and the order also should be reversed for this reason. The order appealed from should be reversed and the writ dismissed.

RICH, KELLY, MANNING, and YOUNG, JJ., concur.

Order sustaining writ of habeas corpus reversed upon the law, and writ dismissed.