[Crim. No. 1510.   Second Appellate District, Division One.—June 13, 1927.]

## In the Matter of the Application of JOHN H. TIPTON for a Writ of Habeas Corpus.

[1] HABEAS CORPUS — DEFECTIVE APPLICATION — JURISDICTION. — Although an application in the nature of an application for a writ of *habeas corpus* presented by one without the assistance of counsel is defective in form, the court will rule upon the points which appear to be most essential in order to dispose of the matter.

[2] ID.—PETITION—VERIFICATION.—A petition for a writ of *habeas corpus* may be denied if not verified by oath or affirmation of the party making the application, as required by section 1474 of the Penal Code, and such oath must be certified by an officer authorized to administer oaths.

[3] CRIMINAL LAW—APPEAL—JUDGMENT OF REVERSAL—DIRECTION TO SET ASIDE INDICTMENT—RESUBMISSION OF CASE TO GRAND JURY—PRESUMPTIONS.—Where a conviction was reversed, with directions to set aside the indictment, and the trial court ordered a resubmission of the case to the grand jury, under section 997 of the Penal Code, and that defendants be remanded to the custody of the sheriff, under section 998, the appellate court will presume that the trial court set aside the indictment.

[4] ID. — HABEAS CORPUS — ADMISSION TO BAIL — PRESUMPTIONS. — Where, after reversal of conviction, the trial court resubmitted the case to the grand jury under section 997 of the Penal Code, and remanded defendant to the custody of the sheriff under section 998, *habeas corpus* will not lie to secure defendant's release, in the absence of an application for admission to bail, since it will be assumed that on such application the trial court would make an appropriate order for admission to bail.

(1) 29 **C. J.**, p. 142, n. 91.   (2) 29 **C. J.**, p. 146, n. 31.   (3) 17 **C. J.**, p. 213, n. 30.   (4) 29 **C. J.**, p. 17, n. 21.

APPLICATION for a Writ of Habeas Corpus to secure release from custody, awaiting action of the grand jury. Proceeding dismissed.

The facts are stated in the opinion of the court.

No appearances entered.

2.  See 13 Cal. Jur. 262; 12 R. C. L. 1231, 1232.

CONREY, P. J.—[1] The petitioner, who is in jail in the custody of the sheriff of the county of Kings, appears to be without the assistance of counsel, and has sent to this court by mail an application in the nature of an application for a writ of *habeas corpus*. As might naturally be expected under such circumstances, the petition is very defective in form. Nevertheless, the court will rule upon the points which appear to be most essential, in order to dispose of the matter.

[2] It is provided by the Penal Code, section 1474, that an application for a writ of *habeas corpus* must be verified by the oath or affirmation of the party making the application. Being ignorant of the fact that such oath or affirmation must be certified by an officer authorized to administer oaths, the petitioner has indorsed upon the petition, at the top of the last page thereof, the following: "I hereby certify that this *habeas corpus* is the truth, the whole truth, and nothing but the truth. So help me God. John H. Tipton." We might dispose of the matter by denying the petition on the ground that it is not verified as required by law. If this were the only defect, we would cause the petition to be returned for verification, but in order to further assist the petitioner, we will examine the petition further at this time.

[3] It appears that in an action entitled, "*The People vs. Jennie L. Brown, John H. Tipton, and Fred Mills,*" the defendants were convicted of murder in the second degree. They appealed from the judgment. The matter came on for hearing before the second district court of appeal, division two, and in that court, on the seventh day of February, 1927, the judgment was reversed "with directions to the trial court to set aside the indictment." This was done because, as set forth in the opinion of the court, the grand jury violated some of the provisions of law governing the manner in which they are permitted to hold their sessions and receive evidence. (*People v. Brown et al.,* 81 Cal. App. 226 [253 Pac. 735].)

The petitioner herein states that after the *remittitur* had been sent down to the superior court of Kings County he was arraigned before that court, and the superior court then ordered "that the case be resubmitted to the grand jury, and that the defendants be remanded into the cus-

tody of the sheriff.'' The petition does not show that the superior court before making that order first made an order setting aside the indictment. We shall assume, however, that in that respect the court adopted the appropriate procedure and did set aside the indictment, preliminary to and in connection with the order of resubmission of the case to the grand jury. The petition states that the grand jury after an investigation adjourned on May 12, 1927, subject to the call of the foreman. [4] Petitioner says that a motion made for his release has been denied by the court, and that a motion for his release on his own recognizance has been denied by the court. He does not allege that he has applied for admission to bail, or that the court has refused to admit him to bail, or to fix the amount of bail to be given by him. Therefore, it should be assumed that upon application therefor the court would make an appropriate order for petitioner's admission to bail.

The Penal Code provides in substance that when a motion to set aside an indictment has been granted, the court may direct that the case be resubmitted ''to the same or another grand jury.'' (Pen. Code, sec. 997.) Section 998 of the Penal Code provides that if the court directs the case to be resubmitted, ''the defendant if already in custody must so remain unless he is admitted to bail.''

While we are of the opinion that upon the facts stated in the petition, the petitioner is not entitled to his discharge, we prefer to dismiss the proceeding upon the ground that the petition is not verified, and to make the order without prejudice to the right of the applicant to file an appropriate and duly verified petition, if there be facts entitling him to the writ. It appears from the report and decision in the principal case that the petitioner was represented by counsel. The absence of similar assistance in this proceeding has resulted in the presentation of a long petition filled with statements not appropriate to a *habeas corpus* petition.

The proceeding is dismissed.

Houser, J., and York, J., concurred.