[Civil No. 2857.  Filed November 27, 1929.]

[282 Pac. 276.]

In the Matter of the Application of T. G. STUART, Sometimes Known as THURLOW STUART, for a Writ of Habeas Corpus. THURLOW G. STUART, Appellant, v. STATE, Appellee.

Mr. W. E. Ferguson, for Appellant.

Mr. K. Berry Peterson, Attorney General, Mr. Riney B. Salmon, Assistant Attorney General, and Mr. D. C. McCauley, County Attorney, for the State.

LOCKWOOD, C. J.—Thurlow G. Stuart, hereinafter called appellant, was convicted in the superior court of Navajo county on the charge of contributory delinquency, and on March 14, 1929, was before the court for sentence. The minutes of the trial court show that he was sentenced in the following language:

"No legal reason or excuse appearing it is the Judgment and sentence of the court that you Mat Stuart and that you T. G. Stuart each be punished

by a fine of $400.00 each and that you each be confined in the County jail at Holbrook for a term of three months, such sentence to date from the 9th day of March 1929. You will be remanded to the custody of the sheriff.''

Appellant served the three months as set forth above, but did not pay the $400 fine, and after the expiration of the three months made application for a writ of *habeas corpus,* which came on for hearing July 2d, 1929. On that hearing the trial court attempted to amend the sentence, hereinbefore set forth, in the following language:

''The minute entry on March 14, 1929, shall be amended by adding the words 'remanded to the custody of the Sheriff until fine is paid or they are otherwise legally discharged.' ''

Whereupon the court denied the application for *habeas corpus* and remanded applicant to the custody of the sheriff, and his action is before us for review.

There are two assignments of error: First that the court erred in refusing to grant appellant his freedom under *habeas corpus;* and, second, that it erred in making the amendment to the sentence of March 14th upon July 2d.

There is no question that the amendment of the sentence was without jurisdiction and void. This is confessed by the Attorney General, and has been definitely decided by this court in the case of *State* v. *McKelvey,* 30 Ariz. 265, 246 Pac. 550. It is contended, however, by the state that the petition for *habeas corpus* is faulty, in that it alleges the imprisonment to be illegal by reason of the invalidity of the sentence of March 14th, while on this appeal appellant admits the validity of the sentence, but contends that by its terms he is entitled to his liberty. We have examined the original petition for the writ on file in this court, and while its language is not as precise as it might be, and the illegality specifically

pointed out is not the one urged in this court, yet the facts set forth in the petition show on their face a ground for the issuance of the writ.

When a defendant is sentenced to serve a term in jail, and in addition thereto to pay a fine, but no further term of imprisonment is specifically provided in the sentence for failure to pay the fine, such fine can only be collected by civil process, and the defendant may not be imprisoned for failure to pay. *Dunbar* v. *Territory,* 5 Ariz. 184, 50 Pac. 30; *Young* v. *Territory,* 10 Ariz. 78, 85 Pac. 482; *Ex parte Morris,* 17 Ariz. 537, 155 Pac. 299.

The petition shows what the sentence was and that the time of imprisonment fixed therein expired June 9th, 1929. Such being the case, it appears therefrom that appellant was illegally detained after that date.

The writ of *habeas corpus* is a high prerogative one meant to protect the liberty of the citizen, and for this reason the petition should be liberally construed. It is, of course, true that we have held in *State* v. *Superior Court of Pinal County,* 25 Ariz. 226, 215 Pac. 538, and *State* v. *Superior Court of Pinal County,* 26 Ariz. 584, 229 Pac. 96, that the writ should not issue unless the petition on its face shows an illegal restraint. When, however, it does state facts which show an illegal detention, we think it hypertechnical to hold the writ should be denied merely because the petitioner has failed to point out specifically the illegality which is shown by the petition.

The order of the superior court of Navajo county is reversed and the case remanded, with instructions to grant the writ, and for further proceedings in accordance with this opinion.

McALISTER and ROSS, JJ., concur.