STATE OF FLORIDA, ex rel., EDGAR B. DAVIS, *Petitioner,* v. DAN HARDIE, as Sheriff of Dade County, Florida, *Respondent.*

146 So. 97.

Division A.

Opinion filed February 16, 1933.

*Frank Clark, Jr.,* and *Bryant & Pittman,* for Petitioner.

PER CURIAM.—Petitioner, Edgar Bennett Davis, applied to the Chief Justice for issuance of a writ of habeas corpus. The petition on its face showed that Davis had been com-

mitted to jail for contempt of court in that he failed to pay alimony as decreed against him. The petition further showed that after the commitment for contempt was ordered, the petitioner sued out a writ of habeas corpus before the Circuit Judge to review the propriety of the commitment and to obtain his release therefrom; that at a hearing on such writ of habeas corups petitioner was remanded to jail under the commitment for contempt.

The effect of allowing the prayer of the present petition would be to order the release of Davis from the contempt commitment that was reviewed and held valid on the habeas corpus proceedings had in the Circuit Court.

The judgment of the Circuit Court remanding the prisoner to custody under the contempt commitment is *res adjudicata* of the lawfulness of the imprisonment under the contempt commitment. A judgment of the Circuit Court in a habeas corpus proceeding can only be reviewed by writ of error. Tylor v. Painter, 16 Fla. 144. A writ of habeas corpus should not be issued by the Supreme Court, or by a Justice thereof, except upon a showing of reasonable grounds to apprehend that the imprisonment complained of in the application for the writ, is without authority of law. Lee v. Van Pelt, 57 Fla. 94, 48 Sou. Rep. 632.

While habeas corpus may issue on a very informal application (Pounds v. Darling, 75 Fla. 125, 77 Sou. Rep. 666, LRA 1918E 949 Ex Parte Pells 28 Fla. 67, 9 Sou. Rep. 831) the writ itself should not be allowed where the petition for habeas corpus shows on its face facts conclusively rebutting the petitioner's assertion that his imprisonment is unlawful. Hanley v. State, 50 Fla. 82; 39 Sou. Rep. 149.

In this case the remedy of the petitioner is to seek the review, by writ of error, of the judgment of the Circuit

Court which remanded him to custody under the contempt, commitment, because the judgment of the Circuit Court on the habeas corpus proceeding already had in the Circuit Court is *res adjudicata* of the lawfulness of the prisoner's custody under the contempt commitment, so long as that judgment stands unreversed or not set aside. For this reason the issuance of another writ of habeas corpus must be denied, in the absence of some showing of some new fact or change in condition occurring since the Circuit Court judgment in habeas corpus, that would make the imprisonment complained of now unlawful, notwithstanding it was lawful when the Circuit Court remanded the prisoner.

The writ of habeas corpus should be denied without prejudice to the right to submit an amended petition if facts exist which bring the case within his opinion.

Writ of habeas corpus denied without prejudice.

DAVIS, C. J., and WHITFIELD, TERRELL, BROWN and BUFORD, J. J., concur.