BARHAM, Justice
(dissenting).
The majority appears to first assume the position that the proper answer to the issue before us is simply that the minutes need not reflect affirmatively that an accused who was arraigned and pleaded guilty on May 20, 1963, either had counsel or intelligently waived counsel. I disagree with the majority’s reasoning and conclusion in this regard. However, this is not the issue before us.
, Here relator first applied to the district court for writ of habeas corpus on August 28, 1969, and that court refused to act, that is, even to deny the application. Relator applied to this court for writ of habeas corpus on October 24, 1969, and we issued a writ of mandamus ordering the trial judge to “* * * grant a full evidentiary hearing on relator’s petition for writ of habeas corpus * * * On December 8, 1969, relator again applied to this court for writ of habeas corpus, and the district judge filed a per curiam which said:
“The undersigned was not the presiding judge at the time of petitioner’s plea and sentence in 1963 and, therefore, had no knowledge of what transpired other than minute entries which were produced at the hearing on November 21, 1969. The minute entries revealed that petitioner was arraigned in the usual and customary manner of the year 1963. The minutes do not reveal whether or not he was advised that he might have counsel appointed if he so desired. The minutes are silent in that respect.”
Relator has alleged in his applications that he was not advised of his right to counsel, that he was not afforded counsel, and that without counsel he was arraigned,. entered a plea of guilty, and was sentenced to the state prison. Not only are the minutes (see per curiam of the district judge) silent in this respect, but even after .our mandamus issued to the trial court ordering a full evidentiary hearing, the record is still silent in regard to whether this relator was offered counsel and waived coun *1042 sel. Nowhere in our record are his allegations refuted.
We need not decide whether relator is entitled to relief because the minutes do in fact fail to reflect waiver of counsel at his arraignment. In the face of silent minutes, out of an abundance of caution and for protection to the State this court ordered an evidentiary hearing to determine whether in fact relator had the benefit of his constitutional rights. The burden was upon the State at the evidentiary hearing to produce at that time, if it could, evidence that the constitutional protection was afforded relator. The entire record before us now, even after an evidentiary hearing, fails to disclose any offering of his constitutional rights or a waiver of them, and we must therefore assume that relator was not advised of his constitutional right to counsel, did not intelligently waive counsel, and in fact was denied the right to counsel. See Rice v. Olson, 324 U.S. 786, 65 S.Ct. 989, 89 L.Ed. 1367 (1945). I am of the opinion that the writ of habeas corpus should be granted, the plea of guilty and sentence set aside, and relator remanded to the trial court for further proceedings.
BARHAM, J., is of the opinion a rehearing should be granted.