**ERWIN v. SANFORD, Warden.**

No. 1500.

District Court, N. D. Georgia, Atlanta Division.

June 9, 1939.

Leo Irwin, in pro. per.

Lawrence S. Camp, U. S. Atty., and Harvey H. Tisinger and J. Ellis Mundy, Asst. U. S. Attys., all of Atlanta, Ga., for respondent.

UNDERWOOD, District Judge.

The petition in this case presents three grounds for a writ of habeas corpus. First it is alleged that the indictment does not set out a Federal offense. There is no merit in this ground. Aderhold v. Hugart, 5 Cir., 67 F.2d 247, certiorari denied 291 U. S. 676, 54 S.Ct. 528, 78 L.Ed. 1065.

The second ground for the writ alleges that the plea of guilty entered by petitioner was coerced. From the evidence in this case, I find that the plea was not coerced but was freely and voluntarily made.

The third ground alleges that petitioner was denied his constitutional right of assistance of counsel.

■ The evidence in this case shows that the petitioner freely and voluntarily entered a plea of guilty of the offense charged in the indictment. No request for counsel was made by him and the entry of his plea of guilty, since freely and voluntarily entered, was an intelligent and competent waiver of his right to assistance of counsel, and, therefore, failure of the Court to appoint counsel for him was not a denial of his constitutional right to same.

■ Where a person, without counsel, admits his guilt of crime and does not ask for or desire a trial, but wishes rather to plead guilty and submit himself to the mercy of the court, and freely and voluntarily enters such plea, his conduct is a competent and intelligent waiver of his constitutional right to assistance of counsel.

■ Judgments in criminal cases can not be lightly set aside by collateral attack, even on habeas corpus. "When collaterally attacked, the judgment of a court carries with it a presumption of regularity. Where a defendant, without counsel, acquiesces in a trial resulting in his conviction and later seeks release by the extraordinary remedy of habeas corpus, the burden of proof rests upon him to establish that he did not competently and intelligently waive his constitutional right to assistance of Counsel." Johnson v. Zerbst, 304 U.S. 458, 468, 58 S. Ct. 1019, 1025, 82 L.Ed. 1461.

The rule announced by the Supreme Court applies with even greater force where the judgment is entered upon an uncoerced plea of guilty freely and voluntarily made.

Petitioner in this case has not carried the burden of establishing that he did not competently and intelligently waive his constitutional right to counsel.

Whereupon, it is considered, ordered and adjudged that said writ of habeas corpus be, and hereby is, discharged and petitioner remanded to the custody of respondent.