**LOGAN v. JOHNSTON, Warden.**

No. 22958–S.

District Court, N. D. California, S. D.
June 27, 1939.

Raymond J. O'Connor, of San Francisco, Cal., for petitioner.

Frank J. Hennessy, U. S. Atty., and Alphonso J. Zirpoli, Asst. U. S. Atty., both of San Francisco, Cal., for respondent.

ST. SURE, District Judge.

Petitioner Harry James Logan, and a co-defendant were indicted in September, 1936, in the District Court of the United States for the Western District of Pennsylvania for kidnaping,[1] for violation of the National Motor Vehicle Theft Act,[2] and for bank robbery.[3] There are three separate indictments. As we are here dealing with the petition of Logan alone, reference to the actions of himself and co-defendant will be treated as applying to him personally where possible.

Petitioner was a fugitive from justice, was apprehended in Idaho, and brought before the United States District Court there. The order of removal to Pennsylvania states that he admitted his identity, waived his right to a hearing on the complaint, waived his right to be represented by counsel, and verbally consented to his removal.

When petitioner appeared before the United States District Court for the Western District of Pennsylvania, he plead guilty[4] to all three charges and on January 22, 1937, was sentenced by Judge Schoonmaker to life imprisonment on the kidnaping charge, five years for violation

---

[1] 18 U.S.C.A. § 408a.
[2] 18 U.S.C.A. § 408.

[3] 12 U.S.C.A. § 588b.
[4] Orally and in writing.

of the Dyer Act, and fifty years for bank robbery. The Attorney General designated the United States Penitentiary at Leavenworth, Kansas, as the place of imprisonment, but on March 5, 1937, Logan was transferred to the Penitentiary at Alcatraz. On March 18, 1939, he filed in this court a petition for writ of habeas corpus in forma pauperis on the ground that "he was deprived of his liberty without having the assistance of counsel or waiving the assistance of counsel," citing Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L. Ed. 1461. Order to show cause was issued, and counsel was appointed to represent petitioner. On May 25th return to the order to show cause was filed. On June 26th counsel for petitioner moved to strike from the return all affidavits and documents appertaining to the removal proceeding. The motion was denied and an exception noted, whereupon the matter was submitted upon the record, for decision.

■ Incorporated in the return to the order to show cause are affidavits[5] of Russell Bryon, then special agent of the Federal Bureau of Investigation; George A. Meffan, United States Marshal for the District of Idaho; and E. H. Casterlin, Assistant United States Attorney for the District of Idaho, all of whom were present at the removal proceedings of petitioner in Idaho. All three affidavits show that petitioner understood he was entitled to counsel, and if financially unable to engage counsel, the court would appoint an attorney for him. Petitioner stated that he thought it unnecessary to have, and did not want counsel.

Petitioner and co-defendant made a voluntary statement to Charles F. Uhl, United States Attorney at Pittsburgh, Pennsylvania, three days before sentence, which shows clearly that petitioner knew the nature of the charges against him and intended to plead guilty. He and his co-defendant attempted to bargain with the United States Attorney about the sentences they would receive in the event of a plea of guilty. The co-defendant stated in petitioner's presence: "Well, we would like to clear this whole business up and 'cop' a plea to it and take our time, and we don't care to 'cop' a plea and get sentenced on every one. We want to try to fix it up some way to 'cop' a plea on one indict-

ment and throw the rest aside. * * * Here's the idea, Mr. Attorney, we are willing to clean everything up from one end to the other but we want to know beforehand. We don't want to clean everything up and get sentences on so many different charges. * * * We have three indictments altogether. I am not afraid of that bank job but I am afraid of that kidnaping. They can sock you with life. * * * We realize we are going to be convicted of it anyway."

■ "The determination of whether there has been an intelligent waiver of right to counsel must depend, in each case, upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused." Johnson v. Zerbst, supra [304 U.S. 458, 464, 58 S.Ct. 1023, 82 L.Ed. 1461]. The facts in this case are entirely different from those found in the Zerbst case. There, in denying habeas corpus, the District Judge said in an opinion "that he believed petitioner was deprived, in the trial court, of his constitutional right under the provision of the Sixth Amendment [U.S.C. A.]." Here the facts show no deprivation of any right, but an intelligent and competent waiver of the right to the assistance of counsel: There was the waiver of counsel in the removal proceedings from Idaho to Pennsylvania, showing knowledge of the right to assistance of counsel; the shrewd attempt of an arrangement with the United States Attorney before plea and sentence, when the commission of serious crimes was frankly admitted and discussed, with the hope of leniency, showing knowledge and experience in such matters; and the further conclusive fact that endorsed upon each indictment is a signed waiver of arraignment, and a plea of guilty, as follows:

"Plea

"The defendants, Harold Martin Brest and Harry J. Logan, waive arraignment and plead guilty in open court this 20th day of January A. D. 1937.

"Harold Martin Brest
"Harry James Logan"

Upon the facts disclosed by the record I find that when petitioner appeared before the trial court and entered his plea of guilty, he understood the nature of the

---

5 Such procedure is approved in United States v. Williams, D.C., 6 F.2d 13, 15; 29 Corpus Juris p. 159, § 179; Ex parte Yarbrough, 110 U.S. 651, 653, 4 S.Ct. 152, 28 L.Ed. 274.

charge against him, knew of his right to assistance of counsel, knew that the court would appoint counsel to assist him if he were financially unable to engage counsel; and by his acts and conduct and plea of guilty intelligently and competently waived his right to assistance of counsel for his defense.

The petition for writ of habeas corpus will be denied.