**WARDEN v. JOHNSTON, Warden.**

**No. 23004–S.**

District Court, N. D. California, S. D.

Aug. 21, 1939.

Sol. A. Abrams, of San Francisco, Cal., for petitioner.

Frank J. Hennessy, U. S. Atty., and Alfonso J. Zirpoli, Asst. U. S. Atty., both of San Francisco, Cal., for respondent.

ST. SURE, District Judge.

Petitioner, imprisoned at Alcatraz, filed in this court on April 27, 1939, petition for writ of habeas corpus on the ground that he was sentenced without the protection of the VI Amendment of the United States Constitution, in that he did not have the assistance of counsel, citing Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461. He alleges he did not know that when a defendant is financially unable to retain counsel, one is appointed by the Court, and the court did not so inform him. Order to show cause was issued, return and traverse filed, and the matter was submitted to this court on August 14, 1939.

In the traverse petitioner filed an affidavit alleging that he did not waive counsel, and in the belief that he could not have counsel because without funds, he pleaded guilty to the first count of the indictment, the second being thereupon dismissed; that if he had had the benefit of counsel and been enlightened as to the difference between the two counts, he would probably have entered a plea of guilty to the second count only, as did his co-defendant, who had counsel, and who received only a six-year sentence.

The return contains an affidavit dated May 9, 1939, by one C. J. Stattler, Assistant United States Attorney, who prosecuted petitioner in the United States District Court for the Eastern Division of the Eastern District of Missouri, alleging the following facts:

When petitioner was arraigned before the court on June 17, 1931, he entered a plea of guilty. The Judge asked if petitioner were represented by counsel, and he replied he was not. The court stated that the offense was serious, involving a twenty-five year sentence, and inquired if petitioner would like counsel appointed to advise him. Petitioner answered that he was aware of the seriousness of the offense, and

did not desire counsel appointed for him; whereupon he was sentenced. Affiant further states that it was the custom of this particular Judge to advise all defendants in felony cases of their right to have counsel of their own choosing, and if unable to employ counsel, one would be appointed by the court. This customary procedure was followed in petitioner's case.

The affidavit of William L. Noah, dated May 11, 1939, alleges the following facts:

Affiant has been in the employ of the Post Office Department for about thirty-five years, and has been a Post Office Inspector for over twenty-three years, being Inspector in Charge of the St. Louis Division for the past six years. Affiant personally investigated the robbery and kidnapping of the Postmaster at Ruegg, St. Louis County, Missouri, on May 20, 1931, in which petitioner participated. Following petitioner's apprehension he readily admitted his complicity in the crime, and indicated a desire to enter a prompt plea of guilty. He never showed any disposition to resist prosecution. When arraigned, he again indicated his desire to enter a plea of guilty. The Judge inquired of petitioner if he had employed counsel, to which petitioner replied in the negative. The Judge then "fully and completely explained" to petitioner that it was his constitutional right to have the assistance of counsel if he so desired. Petitioner "indicated that he was ready to plead guilty and could see no need for employment of an attorney by him or the assignment of counsel by the Court. Sentence was then passed by the Court."

There is conflict in the evidence. It is possible that petitioner's recollection of the facts is not clear. As the Inspector and the United States Attorney can refer to their records to refresh their memories, and have nothing to gain by distorting the truth, it is probable their affidavits represent the actual facts.

As said in Buckner v. Hudspeth, decided by the Tenth Circuit Court of Appeals on June 20, 1939, 105 F.2d 396, 397, the burden rests "upon petitioner to establish that he did not competently and intelligently waive his constitutional right. The determination of whether there has been an intelligent waiver of the right to counsel depends upon the particular facts and circumstances in each case * * *. Waiver of the right will ordinarily be implied where the accused appears without counsel and fails to request that counsel be assigned to him." Petitioner has failed to sustain the burden. It is therefore

Ordered that the petition for writ of habeas corpus be, and it is hereby, denied.