**COLLINS v. JOHNSTON, Warden.**
**No. 22734–R.**

District Court, N. D. California, S. D.
Aug. 23, 1939.

Harry Haehl, Jr., of San Francisco, Cal., for petitioner.

Frank J. Hennessy, U. S. Atty., and Alphonse Zirpoli, Asst. U. S. Atty., both of San Francisco, Cal., for respondent.

ROCHE, District Judge.

Arthur E. Collins, hereinafter referred to as the petitioner, seeks his release on writ of habeas corpus from the United

States Penitentiary at Alcatraz, California, where he is presently serving a fifteen year sentence pronounced against him on March 30, 1937, by the District Court for the District of Nebraska, Grand Island Division, after a plea of guilty by petitioner to an indictment charging him with violating Section 588b (a) (b) of Title 12 U.S.C., 12 U.S.C.A. § 588b (a, b) (armed robbery of an insured bank of the Federal Deposit Insurance Corporation).

In his petition, which was later amended following appointment of an attorney to represent him in these proceedings, petitioner states in substance that at the time of his alleged plea of guilty he was insane, was without benefit of counsel to assist him for his defense, and that at no time did he waive his right to assistance of counsel.

Following the filing of a return to order to show cause by the respondent, Warden James A. Johnston, the writ issued and petitioner was granted a hearing in open Court. His showing consisted of his own testimony to the effect that between December 1936 and sometime after March 30, 1937 (after he had been confined in Leavenworth), he had lost his memory and knew absolutely nothing as to what transpired in this interim, which includes both the day on which the bank robbery took place and the day on which he entered his plea of guilty. The only other corroborative evidence produced by him is the affidavit of the Superintendent of the State Training School of the State of Wyoming at Lander, Wyoming, to the effect that petitioner had been confined in that institution from January 25, 1927, to July 13, 1927, at which time he was paroled, and that his formal discharge had not been granted until March 14, 1938. The affidavit, however, contains nothing therein as to the mental condition or sanity of petitioner. Petitioner himself testified that this institution was a place for the feeble minded.

As against this, the respondent introduced into evidence, by Return to Order to Show Cause and Return to Writ, the affidavits of a Deputy Marshal and an Assistant United States Attorney, together with two medical reports indicating that petitioner was sane at the time he entered his plea, that the same was entered voluntarily, and that he had previously been feigning insanity. The affidavit of Deputy United States Marshal Young recites in part: "That Arthur E. Collins on the way from the jail to the courtroom stated to affiant that he had been faking insanity."

There was also introduced in evidence the deposition of the trial Judge, the Honorable Thomas C. Munger, who testified that affiant was in his opinion sane, and that the hearing on affiant's plea of guilty consumed from forty-five minutes to an hour and nothing was said with relation to appointment of counsel either by the Court or petitioner. His deposition in part recites:

"Q. Will you state what conversation was had between yourself, as judge, and the petitioner on that occasion with respect to his entering any plea? A. Well, in substance, I said to him that I had been informed by the deputy marshal that he desired to appear before the court and plead to the indictment and I asked him if that was correct and he replied, 'Yes.' I asked him if he knew what the charge was in the indictment and he said that he did. I asked him further if he was ready to enter his plea at that time. He said, yes, he wished to do so. I asked if he wished to have the indictment read. He said, 'No,' that he understood the charge in the indictment. And then I asked how he desired to plead, whether guilty or not guilty, and he said he desired to plead guilty. And he asked if he could make a statement and I said that he could."

"Q. For how long a period of time did he continue to talk in making his statement? A. I think it would be from forty-five minutes to nearly an hour."

"Q. Was there anything to indicate any loss of memory? A. No. His memory was, on the contrary, apparently unusual.

"Q. Did you, at that time, make some notes in your own handwriting of his statement as he proceeded to cover his past life and experiences? A. Yes.

"Q. Do you have those notes before you at this time? A. Yes, I do."

"Then he described about how the bank was robbed at the time that he was charged and went into that quite elaborately in details."

The petitioner's case seems to rest entirely on his contention that he was insane and had lost his memory during the period in which the offense was committed and in which he pleaded guilty and was sentenced. The medical reports, the affidavit of the Deputy United States Marshal,

and the deposition of Judge Munger, who had personal notes from which to refresh his recollection, without doubt more nearly reflect the facts.

This Court is satisfied that the petitioner was legally sane at the time he entered his plea of guilty and that the plea was entered voluntarily, with full knowledge as to the nature of the charge against him. Therefore, since the burden rests upon petitioner to establish that he did not competently and intelligently waive his constitutional right (Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461; Buckner v. Hudspeth, 10 Cir., 105 F.2d 396, decided June 20, 1939; Erwin v. Sanford, D.C., 27 F.Supp. 892; and Warden v. Johnston, D.C.N.D.Cal., 29 F.Supp. 207, No. 23004-S, decided August 21, 1939), it is apparent that petitioner has failed to sustain that burden, for "waiver of the right will ordinarily be implied where the accused appears without counsel and fails to request that counsel be assigned to him." Buckner v. Hudspeth, supra, 105 F.2d 397. It is therefore

Ordered that the writ of habeas corpus be dismissed and the petition be, and it is hereby, denied.