**CUNDIFF v. NICHOLSON, Warden.**

**No. 4543.**

Circuit Court of Appeals, Fourth Circuit.

Nov. 6, 1939.

A. Sidney Buford, III, of Richmond, Va., for appellant.

Sterling Hutcheson, U. S. Atty., of Richmond, Va. (John V. Cogbill, Asst. U. S. Atty., of Richmond, Va., on the brief), for appellee.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

PARKER, Circuit Judge.

This is an appeal from an order refusing to release appellant from custody after a hearing on a writ of habeas corpus and remanding him to the custody of the warden of the federal prison in which he was confined under sentence from the District Court of the United States for the Southern District of West Virginia. His contentions are that he was not represented by counsel in the court from which he was sentenced, that no counsel were assigned him by the judge and that the right to counsel was not waived. He argues that the sentence imposed upon him was void on this account and that he is entitled to release upon habeas corpus. His position has been ably presented by counsel appointed for him by the court below, who has appeared, filed brief and made oral argument in this court.

Appellant was indicted in the Southern District of West Virginia for passing and uttering counterfeit money in violation of Sec. 151 of the Criminal Code, 18 U.S.C.A. § 265. Prior to his indictment, he was arrested and taken before a United States Commissioner, where he voluntarily made a full and circumstantial statement showing that he was guilty of the crime charged and implicating one Sareno as the person from whom he had purchased the counterfeit money. Present at this hearing before the Commissioner was an attorney whom he had employed to arrange bond for him. Appellant was indicted at the January 1938 term of the court at Bluefield. He did not employ counsel to appear in that court and did not ask to have counsel assigned him, but upon the returning of the indictment pleaded guilty to the charge therein contained and took the stand and testified against Sareno, who was indicted at the same time. Later in the term he was brought before the judge for sentence and was sentenced to three years imprisonment. Appellant had twice before been charged with crime of serious character and had been represented by counsel on both occasions. His evidence on the habeas corpus hearing shows that he thoroughly understood the nature of the charge against him and that he knew and appreciated what he was doing in entering a plea of guilty, and did so freely and voluntarily. He evidently indulged the hope, although admitting that no promise was held out to him, that by testifying for the government against Sareno he would secure a lighter sentence for the crime of which he admitted guilt.

We do not think that the plea of guilty was vitiated or that the sentence imposed was avoided by reason of the fact that appellant was not represented by counsel in the District Court. Where an accused personally enters a plea of guilty to a crime whereof he stands charged, and does so understandingly, freely and voluntarily without asking the assistance of counsel, a waiver of the right to be represented by counsel may fairly be inferred. Logan v. Johnston, D.C., 28 F.Supp. 98; Erwin v. Sanford, D.C., 27 F.Supp. 892. In Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 1025, 82 L.Ed. 1461, it is said: "It must be remembered, however, that a judgment cannot be lightly set aside by collateral attack, even on habeas corpus. When collaterally attacked, the judgment of a court carries with it a presumption of regularity. Where a defendant, without counsel, acquiesces in a trial resulting in his conviction and later seeks release by the extraordinary remedy of habeas corpus, the burden of proof rests upon him to establish that he did not competently and intelligently waive his constitutional right to assistance of Counsel."

There is nothing in the record here to rebut the presumption of regularity at-

**164**

taching to the record of the plea and sentence. Defendant does not deny his guilt of the crime to which he pleaded guilty. He does not contend that he did not understand the charge against him or was misled in any way as to its character. His only contention as to ignorance is that he did not know that he was entitled to have counsel assigned him by the court; but counsel, had they been assigned, could have entered no other plea than that which he himself entered, if they had dealt honestly with him and with the court. They might indeed have made a plea for mercy; but such a plea is addressed to the discretion of the court in the imposition of punishment and is not a matter of defense. There is nothing to indicate that any matter which might have appealed to the court's discretion was not fully brought out and considered; and certainly the court was advised of the fact that the government had used petitioner as a witness against another counterfeiter.

Interesting questions are raised as to the right of the government to introduce, at the hearing on the return to the writ, the certificate of the trial judge and affidavits of other persons as to the incidents of the trial. Cf. United States v. Williams, D.C., 6 F.2d 13; Wigmore on Evidence, 2d ed., vol. 3, sec. 1709. We need not consider these questions, however, as we are of opinion that upon appellant's own testimony, and without reference to the statement and affidavits, he made no case entitling him to discharge.

Affirmed.