**Master SUTTON, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 22548.**

United States Court of Appeals
Fifth Circuit.

Oct. 29, 1965.

Master Sutton, pro se.

Thomas K. McWhorter, Asst. U. S. Atty., Atlanta, Ga., Charles L. Goodson, U. S. Atty., for appellee.

Before TUTTLE, Chief Judge, and BELL and COLEMAN, Circuit Judges.

COLEMAN, Circuit Judge:

This is a motion to vacate sentence under the provisions of 28 U.S.C. § 2255.

On September 21, 1961, in the District Court, the Movant entered his pleas of guilty to forging the name of the payee in a United States Treasury check in violation of 18 U.S.C. § 471, and to taking and stealing a check from a house mail receptable in violation of 18 U.S.C. § 1709.

The record shows that at arraignment Movant was advised of his constitutional right to the assistance of counsel, that he was offered counsel by the Court, and that he entered a written waiver of counsel, after which he entered the guilty pleas. The record further shows that when he appeared before the Court for sentence, the Petitioner was again advised of his right to counsel, was asked whether he desired counsel, and again orally stated that he waived the right of assistance of counsel. He was thereupon committed to the custody of the Attorney General for a period of four years.

In his motion, the Appellant makes no effort to deny that he knowingly, voluntarily, and intelligently waived his right to counsel. He makes no effort to deny that his pleas of guilty were voluntarily, knowingly, and intelligently entered.

The motion was denied by the District Court in a written order, after a full review of the record.

Relief was sought on the following grounds: (1) That Appellant had not been taken immediately before a United States Commissioner as required by Rule 5(a) of the Federal Rules of Criminal Procedure; (2) that he was taken to the postal inspector's office for interrogation and that after "an extensive" investigation by the said Federal Agents, a plea of "guilty as charged was elicited from" him, and (3) that during said interrogation he did not "enjoy the right to counsel for his defense". Appellant sums up "that due to the fact that said agents failed to advise Petitioner of his right to counsel at every stage of the criminal proceedings against him, his plea of guilty was and is, null, void, and of no effect", wherefore the prayer that his sentence be vacated.

Both the original motion and the appeal here were allowed in forma pauperis.

In this state of affairs we are reminded of what this Court said in Woolard v. United States, 178 F.2d 84 (5 Cir., 1949).

"It is settled law that the Sixth Amendment of the Federal Constitution does not require that counsel be forced upon a competent defendant by a court, and that a defendant charged with a federal offense who is aware of his constitutional privilege to have counsel appointed to represent him, may nevertheless waive such right. Adams v. U. S. ex rel. McCann, 317 U.S. 269, 63 S.Ct. 236, 87 L.Ed. 268, 143 A.L.R.

435; Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461, 146 A.L.R. 357; Ossenfort v. Pulaski, 5 Cir., 171 F.2d 246."

In United States v. French, 7 Cir., 274 F.2d 297 (1960), the Section 2255 Movant was explicitly advised in the District Court of his right to trial by jury and his right to have an attorney of his own choosing, or, if he were without funds, his right to have a court-appointed attorney. He stated that he did not want an attorney even though he had the money with which to obtain one. At his appearance for sentence, the defendant was again advised of his right to counsel and reiterated his desire not to have an attorney. He then entered pleas of guilty to two counts of bank robbery upon which he was sentenced to fifteen years imprisonment. In his Section 2255 Motion defendant alleged that he was held incommunicado for about two days after his arrest, that he was not advised of his constitutional rights, that he was not allowed to consult an attorney, and that it was not until after formal confession of guilt that he was taken to the office of the United States Commissioner. To these contentions the Court responded as follows:

"(1) The contention made in this case is quite like that dealt with in United States v. Kniess, 7 Cir., 264 F.2d 353. In that case this Court pointed out that since the defendant elected to plead guilty, it was unnecessary for the Government to use the confession against him and that under the circumstances of the case the rule first enunciated in McNabb v. United States, 318 U.S. 332, 63 S.Ct. 608, 87 L.Ed. 819, and later in Mallory v. United States, supra [354 U.S. 449, 77 S.Ct. 1356, 1 L.Ed. 2d 1479], was inapplicable. Similarly, in Hall v. United States, 8 Cir., 259 F.2d 430, where a plea of guilty was freely and voluntarily entered, the contention that an extra-judicial confession was obtained in violation of Rule 5(a) of the Federal Rules of Criminal Procedure was held to present no reason to vacate the sentence."

"(2) A plea of guilty, if understandingly and voluntarily entered, is conclusive. Nothing more is required. Kercheval v. United States, 274 U.S. 220, 223, 47 S.Ct. 582, 71 L.Ed. 1009. The basis of the conviction is the guilty plea and not the evidence, including a confession, which might be offered if the case proceeded to trial. The question of the admissibility of the confession as evidence therefore becomes immaterial under such circumstances."

"(3) As was pointed out in the Kniess case, constitutional issues are not involved when an extra-judicial confession is asserted to have been inadmissible because of the McNabb-Mallory doctrine. The issue of admissibility must be asserted during trial and raised by direct appeal, rather than by a collateral attack on the judgment of conviction under § 2255."

The Court of Appeals of the Sixth Circuit met this situation in United States v. Wagner, 309 F.2d 7 (1962). There the Court held that the appellant had understandingly and voluntarily entered his guilty plea after waiver of right to counsel and a full explanation by the Court concerning the nature and consequences of the plea, that a sentence imposed after such plea is not subject to attack on the theory that a confession was unlawfully obtained and inadmissible in evidence, and that except for such confession defendant would not have pleaded guilty, citing United States v. French, supra.

See also Cain v. United States, 8 Cir., 271 F.2d 337 (1959), and Cuff v. United States, 5 Cir., 311 F.2d 185 (1962).

■ We now revert to the principle that a Court has no right to force counsel upon an unwilling defendant. When a defendant knowingly, intelligently, and voluntarily waives the assistance of counsel his choice must be respected. The Court has no alternative. We are unable

to conceive of any reason which could validly permit one to exercise this option and thereafter to throw the administration of justice into sad disarray by repudiating it at his own convenience.

■ This Appellant nowhere denies that he exercised such a choice in this case, nor does he attempt to question the voluntary character of his pleas of guilty. There being no question of jurisdiction, his voluntary pleas of guilty after knowingly, intelligently, and voluntarily rejecting the assistance of counsel, now leave the Appellant without any standing or cause to invoke the remedies provided by 28 U.S.C. § 2255.

The Judgment of the District Court, denying the Motion, is affirmed.