Arlice J. HUFFMAN, Petitioner,

v.

Dr. George J. BETO, Director, Texas
Department of Corrections,
Respondent.

Civ. A. No. 65–H–450.

United States District Court
S. D. Texas,
Houston Division.

Oct. 28, 1966.

John H. Holloway, Houston, Tex., (court-appointed), for petitioner.

Lonny F. Zwiener, Asst. Atty. Gen. of Texas, Austin, Tex., for respondent.

NOEL, District Judge.

*Memorandum and Order:*

Petitioner, presently confined in the Ellis Unit of the Texas Department of Corrections, has filed a petition for writ of habeas corpus, 28 U.S.C. § 2242.

The petitioner was convicted in the District Court of Caldwell County, Texas, in 1951 of burglary, and was sentenced as a habitual offender to life imprisonment. Vernon's Ann.Tex.Penal Code art. 63. The predicate for the sentence as a habitual offender was a conviction in Montgomery County, Texas, in 1943 for robbery by assault, and another conviction in Montgomery County in 1948 for felony theft.

In his petition for a writ of habeas corpus, Huffman complains that he:

(1) was convicted in 1943 without the assistance of counsel, (2) was convicted in 1948 without the assistance of counsel, and (3) pleaded guilty in 1951 upon the assurance of counsel that he would receive a twelve-year sentence. The petitioner alleges facts which entitle him to an evidentiary hearing in accordance with Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963). The Court assigned counsel to the petitioner and ordered that a hearing be held on August 23, 1966, to explore the merits of petitioner's allegations.

At the onset of the hearing, the petitioner informed the Court that the complaint numbered (1) above was being withdrawn, as it then appeared he was represented by counsel when he was convicted in 1943.

At the hearing, the petitioner testified at length and exhibits were introduced into evidence by the petitioner and by the respondent. As to the complaint numbered (3) above, the following facts were developed:

Huffman was arrested in April of 1951 for burglary in Caldwell County. He was subsequently transferred to Austin, Texas, after an attempted jailbreak in which petitioner was implicated, but was returned to Caldwell County to face trial. When the petitioner appeared before the Court, District Judge J. Harris Gardner asked if he would like to have an attorney appointed, and Huffman indicated that he would. Weldon M. Fielder, a practicing attorney in Lockhart, Texas, was appointed to represent the petitioner. After conferring with Mr. Fielder, the petitioner signed a waiver of trial by jury and, after a reading of the indictment, entered a plea of guilty. Huffman contends that Mr. Fielder assured him he would receive a twelve-year sentence if he plead guilty, and he further asserts that it was because of this assurance that he entered the plea. Upon entering the plea of guilty, however, Judge Gardner sentenced petitioner to life imprisonment as a habitual criminal. Huffman testified that the possible sentence was discussed in the presence of the District Attorney, J. Lee Dittert, but that Mr. Dittert made no statement relative to the plea and conferred no promise as to the sentence he might receive. In relation to petitioner's claim, his attorney, Weldon Fielder, states in his affidavit: "I certainly was unaware of any such promise." Likewise, by affidavit Mr. Dittert stated that he could not remember a promise being made and was confident none was made.

Huffman testified that he would not have entered the guilty plea if he had known he would receive life imprisonment. Although he concedes that the indictment was read, the petitioner argues that he did not know he was being charged as a habitual offender. After receiving the sentence, Huffman stated that he "got mad and raised the devil," but he did not tell the Judge about his expectation of receiving a twelve-year sentence.

Article 63 of the Texas Penal Code states: "Whoever shall have been three times convicted of a felony less than capital shall on such third conviction be imprisoned for life in the penitentiary." As petitioner had previously been convicted of two felony offenses less than capital, the sentence Judge Gardner imposed upon Huffman was a mandatory life imprisonment.

Petitioner argues that it would have been illogical for him to have entered a guilty plea if he were going to receive life imprisonment, for he could have done no worse with a plea of not guilty and a jury trial. Acts frequently appear irrational in retrospect; however, the record is clear that the plea was entered and that the petitioner had representation of counsel. Only the petitioner knows the reasons that precipitated his plea, but if he felt he was guilty and that a jury would find him to be guilty, and if he wished to begin serving his sentence without further delay and further confinement in the county jail, his act was not so illogical.

After hearing the facts and receiving the evidence pertinent to petitioner's third complaint, it is my opinion that the petitioner has failed to present an allegation which entitles him to relief under the United States Constitution.

Petitioner's remaining complaint is that he was denied his right to counsel in 1948, when he was convicted of felony theft in Montgomery County, Texas. The petitioner entered a plea of guilty to the indictment and was sentenced to a term of five years imprisonment. The record of the trial does not indicate that counsel was or was not present, nor does it indicate whether or not the Court informed Huffman of his right to counsel and offered to appoint counsel if he so desired. The State acknowledges that the petitioner was not represented by counsel, but argues that he waived his right to counsel.

■ The law is well settled that a defendant in a federal or state criminal proceeding has a constitutional right to be represented by counsel. Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). It is equally settled that counsel need not be forced upon the defendant and that he is free to waive the right to the assistance of counsel. Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938). Thus, it does not follow that a defendant has been denied a constitutional right merely because he was not represented by an attorney at his trial.

■■ When waiver of a constitutional right is in issue, the courts ultimately resort to Johnson v. Zerbst, supra, for guidance. In *Johnson*, the Supreme Court preserved the following standards for courts faced with waiver problems:

A waiver is ordinarily an intentional relinquishment or abandonment of a known right or privilege. The determination of whether there has been an intelligent waiver of right to counsel must depend, in each case, upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused.

Id. at 464, 58 S.Ct. at 1023. See also Palumbo v. State of New Jersey, 334 F.2d 524, 532 (3d Cir. 1964).

■ Subsequent to Johnson v. Zerbst, a number of cases arose wherein the trial courts had denied a writ of habeas corpus because the record was silent (did not show counsel was not offered) and because the petitioners had appeared without counsel, presuming waiver of counsel—even though the petitioners had asserted that they had been denied the right to counsel and that the trial judge had failed to advise them of the right to have counsel appointed. See Carnley v. Cochran, 369 U.S. 506, 515, 82 S.Ct. 884, 8 L.Ed.2d 70 (1962). The Supreme Court reiterated the language of *Johnson* that waiver is not to be presumed from a silent record. Ibid. The Court, wishing to avoid future misunderstanding, made its position clear: "The record must show, or there must be an allegation and evidence which show, that an accused was offered counsel but intelligently and understandingly rejected the offer. Anything less is not waiver." Id. at 516, 82 S.Ct. at 890.

■ Judgments of state courts and state proceedings carry a presumption of regularity and are not to be lightly set aside on collateral attack. United States v. Morgan, 346 U.S. 502, 512, 74 S.Ct. 247, 98 L.Ed. 248 (1954); Bates v. Meadows, 358 F.2d 674 (6th Cir. 1966). The petitioner in a habeas corpus application, therefore, has the burden of proving that he did not competently and intelligently waive a constitutional right which he asserts was denied him in the state proceeding. Moore v. State of Michigan, 335 U.S. 155, 161–162, 78 S.Ct. 191, 2 L.Ed.2d 167 (1957); Johnson v. Zerbst, 304 U.S. at 469, 58 S.Ct. 1019, 82 L.Ed. 1461; Welch v. Beto, 355 F.2d 1016, 1020 (5th Cir. 1966); Palumbo v. State of New Jersey, 334 F.2d 524, 533 (3d Cir. 1964). As the Supreme Court has stated: "If * * * the District Court finds from all of the evidence that petitioner has sustained the burden of proof resting upon him and that he did not com-

petently and intelligently waive his right to counsel * * * he will * * * be entitled to have his petition granted. If petitioner fails to sustain this burden, he is not entitled to the writ." 304 U.S. at 469, 58 S.Ct. at 1025.

▌ The courts are in disagreement as to the weight of the burden which the petitioner carries. It has been argued by some courts that the petitioner must prove by a preponderance of the evidence that he was denied a constitutional right, Palumbo v. State of New Jersey, 334 F.2d 524, 533 (3d Cir. 1964); Evans v. Rives, 75 U.S.App.D.C. 242, 126 F.2d 633 (D.C.Cir. 1942); and by other courts, that he must show clear and convincing evidence of such a denial, State of Nebraska v. Ninneman, 179 Neb. 729, 140 N.W.2d 5 (1966), cert. denied, 87 S.Ct. 85 (Oct. 11, 1966). The general rule is that the petitioner has the burden of proving by a preponderance of the evidence that there has been a violation of his constitutional rights. Moore v. State of Michigan, supra; Paige v. Ross, 257 F.Supp. 27 (E.D.N.C.1966). The courts, however, will indulge every reasonable presumption against waiver of a constitutional right. Johnson v. Zerbst, supra. Thus, it would appear that the burden upon the petitioner in a waiver case is something less than "preponderance of the evidence." A reasonable standard is prescribed in United States ex rel. Brown v. Fay, 242 F.Supp. 273, 276 (S.D.N.Y.1965):

> The State, at the outset, is aided by the presumption of regularity which attaches to the judgment and which extends to observance by the State of an accused's constitutional rights. But when the petitioner goes forward with *substantial evidence* which overcomes the presumption of regularity * * * "the presumption is out of the case"; thereupon the burden is upon the State to establish "affirmative acquiescence" * * *. (Emphasis added.) (Citations omitted.)

Closely related to the presumption of regularity of the state proceedings and to the burden of proof is the effect which a silent record has upon these principles.

▌ At the time of petitioner's trial in 1948, the courts in Texas generally were not reading Vernon's Ann.Tex. Code of Crim.Proc. art. 494 to require the appointment of counsel in all non-capital felony cases. However, many judges were appointing counsel in all felony cases, and this is the procedure which Judge Coker in his affidavit stated that he followed. While Carnley v. Cochran, supra, affirmatively states that a silent record cannot support a presumption of waiver of counsel, it is equally certain that a silent record does not cast doubt upon the regularity of a state proceeding. Foster v. People of State of Illinois, 332 U.S. 134, 138–139, 67 S.Ct. 1716, 91 L.Ed. 1955 (1947).

The burden which a petitioner in a habeas corpus proceeding is required to meet in order to displace the presumption of regularity requires evidence in addition to a silent record: "It cannot be argued, without factual support, that the court failed to do its full duty with an intelligent, competent and understanding appreciation of all of its state and federal obligations." Bute v. People of State of Illinois, 333 U.S. 640, 671, 68 S.Ct. 763, 779, 92 L.Ed. 986 (1948). If it were otherwise, a prisoner could assail a state court judgment by seizing upon the opportunity to test the memory of the trial judge, who could hardly be expected to have an independent recollection of a case ten, fifteen or twenty years old. Toward this rationale *Bute* continues:

> Although the records disclose no affirmative basis for invalidating the the sentences, it is suggested that an error of omission appears in the failure of the records to show either the presence of counsel for the accused, or an inquiry by the court as to counsel for the accused, or the appointment of counsel by the court to assist the accused. Here also if any presumption is to be indulged it should be one of regularity rather than that of irregu-

larity. Eight years after the trial, in the complete absence of any showing to the contrary, such a presumption of regularity indicates that the court constitutionally discharged rather than unconstitutionally disregarded, its state and federal duties to the petitioner, including those relating to his right, if any, to the assistance of counsel.

333 U.S. at 672, 68 S.Ct. at 779. See also Quicksall v. People of State of Michigan, 339 U.S. 660, 665–666, 70 S.Ct. 910, 94 L.Ed. 1188 (1950).

 A plea of guilty does not allow the inference that the defendant intended to waive the right to assistance of counsel. Harvey v. State of Mississippi, 340 F.2d 263 (5th Cir. 1965). It is, however, one of the factors to be considered, for if the defendant has knowledge of his right to be represented by an attorney, but nonetheless proceeds alone to terminate the trial with a plea of guilty, there is an indication that the defendant did not wish to consult with counsel. See Carter v. People of State of Illinois, 329 U.S. 173, 67 S.Ct. 216, 91 L.Ed. 172 (1946); Rice v. Olson, 324 U.S. 786, 65 S.Ct. 989, 89 L.Ed. 1367 (1945); Palumbo v. State of New Jersey, 334 F.2d 524, 529 (3d Cir. 1964); Cundiff v. Nicholson, 107 F.2d 162 (4th Cir. 1939); Logan v. Johnston, 28 F.Supp. 98, 99 (N.D.Cal.1939), appeal dism. 108 F.2d 1016 (9th Cir. 1940). In fact, a plea of guilty is so persuasive that the courts uniformly hold that it precludes collateral attack on all nonjurisdictional grounds. See Busby v. Holman, 356 F.2d 75, 77–78 (5th Cir. 1966).

 As the law stands today, the following statement should accurately depict the standard which should be applied in this case and in similar cases: The federal district judge in passing upon an application for habeas corpus must not presume waiver of counsel from a silent record nor from a plea of guilty; rather, he must make his determination in light of the facts and circumstances surrounding the case; provided, that if the petitioner presents substantial evidence to support his allegation that he was not represented by counsel and that he did not waive the right to counsel, i. e., if he displaces the presumption of regularity which is initially attached to a state court judgment, in order to uphold the conviction there must be evidence in the record or outside the record to demonstrate that the right to counsel was waived. Since the courts will indulge every reasonable presumption against waiver, the task of this Court is to determine, in light of the foregoing standard, if under the circumstances there is a reasonable presumption that Huffman did not waive his right to counsel.

The following evidence was presented at the evidentiary hearing. The petitioner appeared before Judge Coker March 1, 1948 to face charges of felony theft. The petitioner testified that he requested appointment of an attorney to represent him, but that Judge Coker informed him that an attorney was not available at that time. Huffman stated that he then threw himself upon the mercy of the court and allowed the trial to proceed. Petitioner admitted that Judge Coker did not say he would not appoint counsel to represent him. Judge Coker stated in an affidavit that Huffman had signed a waiver of jury trial and entered a plea of guilty; that he had no independent recollection of the case,

"However, I can state that it has been my consistent practice during all the years I have occupied the bench of the District Court of Montgomery County, Texas, including the year 1948, to inquire of every defendant who came before the Court as to whether or not he wished to have an attorney and to appoint an attorney if one was requested. But as I have indicated, I can say that it would be my belief, based on the practice that I invariably followed in my court, that Arlice Huffman either was counseled by an attorney appointed by me in the above case or that he stated that he did not wish the services of an attorney after I ex-

plained that I would make such an appointment if so desired."

State criminal judges have long been alert to the delicate balance between state and federal authority, and accordingly have recognized the responsibility upon them to see that the validity of state convictions is preserved. The only evidence which the petitioner presents to this Court in support of his assertion that he was denied his right to counsel is his own testimony based upon a memory clouded by the passing of eighteen years since his trial in 1948. The persuasiveness of such uncorroborated testimony, based upon the recollection of a prisoner, was evaluated by a French philosopher: "In prisons, dreams have no limits and reality is no curb." Camus, The Rebel 36 (Bower transl. 1956). On the other hand, there is the affidavit of Judge Coker which states that he has always followed the practice of offering counsel to a defendant accused of a felony and appointing one upon request. This is not to say that Judge Coker's memory is more accurate than the petitioner's, and, in fact, Judge Coker concedes that he has no independent recollection of the case. However, to the Court, as the weigher of facts and discerner of testimony, a judicial habit is more reliable than an eighteen-year-old image. The Court's estimation is reinforced by the fact that up to the minute of the hearing the petitioner stood behind his sworn statement that he was not represented by counsel when he was convicted in 1943; but, as we have seen, representation in 1943 was conceded during the hearing. Petitioner's testimony—tarnished by time, confused by hope and speculation, discredited by his faulty recollection of a prior trial—is unconvincing.

In United States ex rel. Brown v. Fay, 242 F.Supp. 273, 276 (S.D.N.Y.1965), it was said that in making a determination as to whether a defendant had understandingly and intelligently waived his right to counsel, the courts should inquire if the accused (1) was advised of his right to counsel, and (2) if he consented to proceed without counsel.

■ A defendant's experience in criminal procedure is of import when making the determination whether or not he knew of his right to counsel. Johnson v. Zerbst, supra; Parsons v. State, 153 Tex.Cr.R. 157, 218 S.W.2d 202 (1949). Petitioner was twenty-nine years old when he pleaded guilty in 1948. He had been before courts on numerous occasions, and had counsel appointed on at least one occasion. According to petitioner's own testimony, he made a request for counsel at his trial in 1948. The advisement of right to counsel, which I believe Judge Coker made, was superfluous, for it is apparent that petitioner had been advised of his right to counsel on prior occasions, and that he knew of this right when he entered Judge Coker's courtroom and when he entered his plea of guilty.

Secondly, petitioner testified that it was his own decision to proceed without counsel on his plea of guilty. Petitioner did not allege that he did not wish to proceed without counsel or that Judge Coker insisted upon proceeding immediately with the trial, or that his plea of guilty was not given freely and voluntarily, or that he in fact was not guilty (guilt was admitted during his testimony). Huffman apparently believed that there was more to be gained by throwing himself upon the mercy of the court than by having the trial delayed, and evidently his plea was effective—petitioner could have received a maximum sentence of ten years under Tex. Penal Code art. 1421, and which he should have received under Tex.Penal Code art. 62. This tactic alone has been held to constitute intelligent and competent waiver of counsel. Erwin v. Sanford, 27 F.Supp. 892, 893 (N.D.Ga.1939).

■■ Under the facts and circumstances of the case—petitioner's testimony, the documentary evidence, Judge Coker's affidavit and practice—the Court finds the petitioner has failed to come forward with any convincing evidence, much less substantial evidence,

that he was denied his right to counsel or that he did not waive the right to counsel. I further find that there is convincing evidence to show that the petitioner knew of his right to be represented by counsel but that he chose to proceed with his plea of guilty without consulting an attorney, and that there is a reasonable presumption that the petitioner intelligently and knowingly waived assistance of counsel. I find that the plea of guilty was entered knowingly, intelligently, and voluntarily, and that the plea of guilty was entered while the petitioner had knowledge of his right to counsel, and that he waived that right.

None of the petitioner's allegations present an issue which entitles him to a writ of habeas corpus. The petition is therefore denied. This constitutes a final judgment in this cause.

The Clerk shall record this Memorandum and Order, and shall send a copy to each counsel of record.