**Alfred TAYLOR, Jr., Petitioner,**

v.

**Dr. George J. BETO, Respondent.**

**Civ. A. No. 69–H–104.**

United States District Court,
S. D. Texas,
Houston Division.

Feb. 10, 1970.

---

Alfred Taylor, Jr., pro se, petitioner.

Crawford C. Martin, Atty. Gen., Nola White, First Asst. Atty. Gen., Robert C. Flowers, Asst. Atty. Gen., Austin, Tex., for respondent.

## MEMORANDUM AND ORDER

NOEL, District Judge.

Petitioner, a prisoner in state custody, has filed a petition for writ of habeas corpus. Respondent has filed an answer with state and federal court pleadings attached.

In 1961 petitioner was tried and convicted for possession of narcotics, and was sentenced as a habitual criminal to life imprisonment. Two federal convictions (in 1951 and 1953) were the predicate to his sentence as a habitual criminal.

Petitioner now contends that his sentence as a habitual criminal was unconstitutional because Federal Judge Allen B. Hannay of this court deprived him of his right to counsel during his 1953 conviction. Petitioner arrives at this conclusion because he contends that a layman can *never* waive his sixth amendment right to counsel, and an accused should be *compelled* to consult counsel before electing to conduct his own defense or to plead guilty.

Petitioner's allegations are frivolous and his application for a writ of habeas corpus is dismissed. The record of this case discloses that Judge Hannay advised petitioner of his right to counsel and that petitioner voluntarily waived his right and pled guilty. (Judgment of Guilt Form, United States of America v. Alford Taylor, Jr., Criminal Docket No. 11677, Federal District Court, Southern District of Texas, 1953; attached as an exhibit to respondent's answer.) Because I am well aware that Judge Hannay is very meticulous in each case to insure that criminal defendants are warned of their right to counsel and of the consequences of a waiver of this right, I know that his signature on petitioner's Judgment of Guilt form proves that petitioner was fully aware of the consequences of his waiver. In 1952 petitioner was *not* a novice in federal criminal procedure. The record discloses that in 1951 he had been convicted in federal court for possession of marijuana.

Another factor which detracts from petitioner's credibility is the fact that he filed two applications for the writ of habeas corpus attacking his 1961 state conviction, but did not raise the claim he now asserts. (Alfred Taylor v. Dr. George J. Beto, Civil Docket No. 63–H–616, Federal District Court, Southern District of Texas, 1964, dismissed by Judge Ingraham for failure to state a claim; In the Matter of Alfred Taylor, Jr. v. C. E. (Buster) Kern, Sheriff of Harris County, Texas, Civil Docket No. 13683, Federal District Court, Southern District of Texas, 1962, dismissed by Judge Ingraham for want of prosecution.) It is most probable that if petitioner's claim had merit or factual support he would have raised it in the prior habeas corpus proceedings. It seems doubtful to this Court that petitioner's memory of events in 1953 has improved since he filed his applications for habeas corpus relief in 1961 and 1963.

The Supreme Court has continually held that a defendant in criminal trial can waive his right to counsel. Carnley v. Cochran, 369 U.S. 506, 516, 82 S.Ct. 884, 8 L.Ed.2d 70 (1962); Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938); accord Huffman v. Beto, 260 F.Supp. 63 S.D.Tex.1966). In *Johnson* the court defined a waiver:

A waiver is ordinarily an intentional relinquishment or abandonment of a known right or privilege. The determination of whether there has been an intelligent waiver of right to counsel must depend, in each case, upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused.

Johnson v. Zerbst, *supra*, at 464, 58 S. Ct. at 1023.

The sixth amendment guarantee of counsel does not compel a state or federal court to appoint counsel for an accused when the accused expresses the desire to prosecute his own defense. Carter v. Illinois, 329 U.S. 173, 174, 175, 67 S.Ct. 216, 91 L.Ed. 172 (1946). A criminal defendant can waive his right to counsel provided that the trial court is satisfied he is fully aware of the consequences of his decision and voluntarily chooses to conduct his own defense. Sutton v. United States, 352 F.2d 52 (5th Cir. 1965); Huffman v. Beto, 260 F.Supp. 63 (S.D.Tex.1966).

Because petitioner was fully aware of the consequences of his waiver of counsel, his 1953 federal conviction is valid. Therefore the use of this conviction for enhancement of his 1961 state sentence was constitutional and his claim for relief is frivolous.

Therefore IT IS ORDERED:

That petitioner's application for the writ of habeas corpus is dismissed.