UNITED STATES of America ex rel.
Vonda Jean MULLENAX,
Petitioner,

v.

Nelma L. BLANKENSHIP, Superintendent of the West Virginia State Prison
for Women, Respondent.

Civ. A. No. 70–199.

United States District Court,
S. D. West Virginia,
Charleston Division.

June 14, 1972.

---

James T. Dailey, Jr., Dailey & Smith, Kinkwood, W. Va., for petitioner.

Willard A. Sullivan, Asst. Atty. Gen., Chauncey H. Browning, Jr., Atty. Gen. of West Virginia, Charleston, W. Va., for respondent.

## MEMORANDUM ORDER

KENNETH K. HALL, District Judge.

In her petition for a writ of habeas corpus ad subjiciendum filed in this Court, petitioner, a state prisoner serving a life sentence for murder and a one year sentence for prison escape, claims to be unconstitutionally detained and imprisoned because of violations of provisions and requirements of the United States Constitution in the course of her prosecution for murder in the Circuit Court of Preston County, West Virginia. On a jury verdict, returned July 19, 1966, with a recommendation of mercy, petitioner was sentenced to life imprisonment on August 8, 1966. Under West Virginia law, the recommendation of mercy makes petitioner eligible for parole consideration after serving ten years of her sentence. West Virginia Code, § 62–3–15 and § 62–12–13 (Michie 1966).

Jurisdiction in this action is based on 28 U.S.C.A., § 2254.

Petitioner in person and by her attorney and respondent in person and by her attorney were present in Court at the plenary hearing held on May 12, 1972. At that time the action was submitted to the Court for decision on the state court record and other presentations and arguments of counsel. Memoranda of counsel have since been presented to the Court.

The state court record consists of the entire trial court record, including a transcript of the testimony, exhibits, instructions to the jury, motions, rulings and other trial proceedings, together with the petition for a writ of error from the trial court's judgment to the Supreme Court of Appeals, the state's highest appellate court. The record includes proceedings in the trial court on motion of the defendant (petitioner herein) to set aside the jury verdict and to award to the defendant a new trial. The motion presented to the trial court the several issues and asserted errors which later constituted the bases of the petition for a writ of error presented to and considered by the state's Supreme Court of Appeals. That court denied appellate relief. The defendant petitioned this Court for a writ of habeas corpus on the same bases of asserted de-

nial and violation of her federal constitutional rights as presented by her in her motion in the trial court and in her petition to the Supreme Court of Appeals of West Virginia. Counsel for petitioner has stated to this Court:

It is the request of petitioner that the habeas corpus proceeding be confined solely to the constitutional questions raised in the certified record filed with the petition. The identical record was filed by petitioner in the Supreme Court of Appeals of West Virginia upon application for writ of error which was denied and refused, as appears on the face of the record herein. All constitutional issues appear on the record now herein filed, and have been raised before the West Virginia Supreme Court of Appeals.

Petitioner has exhausted her remedies available in the courts of the state as required by 28 U.S.C.A., § 2254. Picard v. Connor, 404 U.S. 270, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971); Thompson v. Peyton, 406 F.2d 473 (Cir. 4th 1968).

While no further factual development was required for presentation of this action to the Court, a plenary hearing was conducted to provide petitioner and respondent and their respective counsel an opportunity to bring into the record any additional facts and materials deemed by them to be necessary. Harris v. Nelson, 394 U.S. 286, 89 S.Ct. 1082, 22 L.Ed.2d 281 (1969). In their post-hearing memoranda counsel for petitioner and respondent indicate they are in agreement on the facts of the case.

Counsel for petitioner in his memorandum states:

This memorandum will be mainly confined to the constitutional errors surrounding the initial taking and subsequent introduction in evidence of an incriminatory statement of petitioner. Other serious constitutional error is involved in the issuance and execution of a search and seizure warrant and consent to search upon improper grounds, and the introduction of illegal evidence so seized at the

trial, and also the failure to afford petitioner with counsel and permitting her to waive preliminary hearing without counsel which was a critical stage of the State's criminal proceedings.

A careful examination of (1) defendant's motion to set aside the verdict of the jury and to grant to defendant a new trial, as presented to the state trial court; (2) the petition to the Supreme Court of Appeals of West Virginia for a writ of error to the judgment of the state trial court; and (3) the petition for a writ of habeas corpus as now before this Court confirms the reach and breadth of the memorandum statement of petitioner's counsel as to the federal constitutional issues and alleged errors here involved.

In this habeas corpus action, petitioner has the burden to establish by a preponderance of evidence that she has been denied her constitutional rights. Moore v. Michigan, 355 U.S. 155, 161–162, 78 S.Ct. 191, 2 L.Ed.2d 167 (1957); Post v. Boles, 332 F.2d 738, 742 (Cir. 4th 1964). Also, there is a presumed regularity as to court proceedings and the burden of proving any irregularity rests upon petitioner. State ex rel. Scott v. Boles, 150 W.Va. 453, 147 S.E. 2d 486 (1966). The trial court record has been carefully reviewed, particularly with reference to (1) interrogation of petitioner, (2) the search and seizure procedures employed, and (3) lack of counsel services prior to, at the time of, and following petitioner's arrest as the accused in the criminal proceedings. United States Constitution, Amendments IV, V, VI and XIV. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L. Ed.2d 694 (1966); Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961); Coleman v. Alabama, 399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387 (1970); Adams v. Illinois, 405 U.S. 278, 92 S.Ct. 916, 31 L.Ed.2d 202 (1972).

The prosecution's evidence at the trial included testimony and documentary materials pertinent to the issues and questions upon which petitioner now bases

her claim for habeas corpus relief. The persons most familiar with these matters included Corporal L. L. Herald, Sergeant Robert L. Mozingo, and Trooper P. L. Ferguson of the West Virginia State Police; Linda Harned, a secretary for the State Police; Harold R. Wiles, the Justice of the Peace who issued the warrant of arrest and the search warrant; and Sheriff Wade A. Graham, the chief law enforcement officer of Preston County, all of whom testified at the trial. All of them were cross-examined by petitioner's attorney. Their testimony and the exhibits identified therewith manifest orderly compliance (1) with requirements of West Virginia criminal procedure statutes, as revised by the West Virginia Legislature in 1965 (West Virginia Code, Chapter 62, Articles 1, 1A, and 1B, and (2) with requirements of the United States Constitution as interpreted and applied by the Supreme Court.

Petitioner, the accused in the state criminal trial, apparently elected not to testify in her own defense. United States Constitution, Amendments V and XIV; Malloy v. Hogan, 378 U.S. 1, 84 S.Ct. 1489, 12 L.Ed.2d 653 (1964); 21 Am.Jur.2d, Criminal Law, §§ 349–359 (1965).

On defendant's motion to set aside the jury verdict and to grant to her a new trial, the state trial court judge considered the same questions of federal constitutional law as grounds and bases for the motion as later presented to the Supreme Court of Appeals of West Virginia and as now presented to this Court as grounds and bases for habeas corpus relief. Each of the courts has been presented a record composed of testimony, exhibits and proceedings manifesting orderly compliance with constitutional requirements. At the hearing in this Court on petitioner's habeas corpus petition, petitioner declined to add any statements or information for the record in response to the Court's repeated invitation.

The evidence of the prosecution's witnesses concerning the orderly constitutional procedures before and during the trial weigh heavily in the absence of countervailing evidence in support of petitioner's position and arguments earlier in the state courts and now in this Court. United States v. Hayes, 385 F.2d 375 (Cir. 4th 1967). The burden on petitioner to establish by a preponderance of the evidence that her constitutional rights have been violated is a substantial responsibility. Johnson v. Coiner, 308 F.Supp. 1373, 1377 (D.C.S.D.W.Va. 1970). The Constitution guarantees to her the privilege of the writ of habeas corpus. The federal court is open to her petition at all times. Rule 77(a), Federal Rules of Civil Procedure. But the courts, in the administration of justice, are obliged to rely and act on the records before them. Townsend v. Sain, 372 U.S. 293, 316, 83 S.Ct. 745, 9 L.Ed. 2d 770 (1963); Huffman v. Beto, 260 F.Supp. 63, 66–67 (D.C.S.D.Tex.1966).

■ Upon the Court's finding and conclusion that the record in this action does not sustain petitioner's position and that petitioner has not discharged the burden upon her to establish by a preponderance of the evidence that her constitutional rights were denied her, as stated in her petition filed herein, it is

Adjudged and ordered that the petition of Vonda Jean Mullenax for a writ of habeas corpus be, and it is hereby, denied, and petitioner is remanded into the custody of respondent as Superintendent of the West Virginia State Prison for Women for further execution of the sentences imposed in compliance with the laws of the State of West Virginia.